## JOHN BYLER *et al.*

### *v.*

## JOHN ASHER.

1. EVIDENCE—*to mitigate damages—should not be offered as a defense.* It is not error for a court to refuse to admit evidence which constituted no defense to an action, but which may have been proper for the purpose of mitigating damages, when such proof was offered as a defense alone. To have made it admissible, it should have been offered to mitigate damages, and *not* as a defense.

2. ELECTIONS—*concerning the Act of 1865—relative to elections—voters must comply with its requirements.* An action will not lie against the judges of an election, for refusing the vote of a person who was not registered as a voter, and who failed to comply with the requirements of section 7 of the act of 1865, relative to the proof to be made in such cases. Nor will the fact that such refusal was placed on grounds not tenable, change their liability.

3. SAME—*what proof required—in cases of non-registered voters.* Under this act, a person who has not been registered as a voter, must not only show by his own affidavit, that he is an inhabitant of the district in which he offers his vote, but he must, in addition, establish such fact by the affidavit of a "householder and registered voter" of such district.

4.   SAME.   And in such case, the fact that the person so offering his vote was well known to the judges of the election, who knew that he resided in the district and had previously been in the habit of voting therein, does not dispense with the proof required by the statute.

5.   SAME—*requirements of the act reasonable—and within the scope of legislative power.*   The requirements of this act, relative to the proof to be made by persons whose names have not been registered, are reasonable, and within the scope of legislative power, and are not calculated to abridge the elective franchise.

APPEAL ·from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

The opinion states the case.

Mr. N. BUSHNELL and Mr. JACKSON GRIMSHAW, for the appellants.

Messrs. WHEAT & MARCY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case, brought by John Asher, against John Byler and Charles F. Talcott, in the Adams Circuit Court, as judges of election, for refusing to receive his vote, at an election held on the 6th of November, 1866.   At the July term, 1867, a trial was had, and appellee recovered a judgment for five dollars damages, and costs of suit.   To reverse that judgment the case is brought to this ‹court, and various errors are assigned upon the record.

It appears that appellee is a white man, and had resided in the precinct for many years, and was personally and well known to both appellants, and had for many years been in the habit of voting at that precinct.   But he was not registered as a voter at that election.   When he made application to vote, the judges examined the register, and his name not

appearing thereon, they refused to permit him to vote, assigning as a reason that he had left the State to avoid the draft, and was not, therefore, entitled to exercise the right of an elector. Appellee, thereupon, made an affidavit that he was "an inhabitant of the precinct, and was entitled to vote therein at said election," and presented it, with his ballot, to the judges, and demanded the right, but they declined to receive it, for the same reason, but offered to permit him to vote if he would swear that he had not left to avoid the draft. This he declined to do. Appellee made no other proof than his own affidavit. He did not offer the affidavit of a "householder and registered voter," as required by the seventh section of the act of 1865, p. 66, regulating the registry of voters and the manner of voting.

On the trial in the court below, appellants offered to prove that appellee was enrolled in the military service of the United States, in the military district in which he resided, and to avoid the draft, that he left home and went beyond the district; also, to read the president's proclamation, but the court refused to permit the evidence to be introduced, and likewise instructed the jury that they should not regard such evidence. It is urged, that while this evidence did not constitute a defense, still it was proper to show the *animus* of appellants in refusing to receive the vote. It is an answer to this position, that it does not appear to have been offered for such a purpose, and even if it were proper, to mitigate damages, it should have been offered for that purpose, and not as a defense. It is conceded to be no defense until a judicial determination was had, and a sentence should be passed depriving a party of his right of citizenship. The judges of election were not vested with such a power, even if Congress had the constitutional authority to enact such a law. But in any point of view, we see no error in excluding this evidence, or in giving the instruction. Even for purposes of mitigating damages, if it had been admissible, we do not see that it

would have availed him, as the jury assessed the damages at but five dollars, which is but nominal.

The next question is, whether the court below erred in refusing to give the instructions asked by appellants. They are these:

1.   "The court instructs the jury, that even if the jury believe from the evidence, that defendants refused to permit plaintiff to vote at the election mentioned in the declaration, and gave as a reason therefor some excuse that would not of itself be a legal reason, still they cannot find for plaintiff unless they further believe from the evidence that plaintiff himself had fully complied with all the requirements of the law, in order to show his right to vote."

2.   "If the jury believe from the evidence, that the plaintiff was not registered as a voter at the election referred to in the evidence in this case, and that the defendants, acting as judges of such election, refused to permit him to vote, that then, before the plaintiff was entitled to vote, and before said defendants could legally permit him to vote, the plaintiff must have furnished to the judges not only the affidavit given in evidence in this case, but he must also have proved, or offered to prove, to the judges, by the oath of a registered voter and householder of Honey Creek precinct, that he, such registered voter, knew the plaintiff to be an inhabitant of said district, and if the jury believe from the evidence that the plaintiff neither made nor offered to make such proof to the judges, by such registered voter and householder, they should find for the defendants."

When appellee's vote was refused because he was not registered as a voter, the seventh section of the act before referred to, required him to file his own affidavit that he was an inhabitant of the district and entitled to vote there at the election, and to prove by the oath of a householder and registered voter of the district that knew him to be an inhabitant of the district.   He, in this case, failed to prove, or to offer to prove,

the facts required, by a householder and registered voter. Had he made such proof, then no doubt could remain of his right to recover. But, having failed to comply with the law, can he substitute something different for its requirements?

It is contended that the fact that appellants were acquainted with him, and knew that he resided in the precinct, and had previously been in the habit of voting there, dispensed with the proof required by the statute. This position is not tenable. There can be no question that the legislature may provide all reasonable safeguards to preserve the ballot box from fraud, and to maintain the purity of our elections. As the wisdom of our laws, the fair and impartial administration of justice, depends upon the officers chosen by the people, and even the perpetuity of our present form of government can only be maintained by preserving our elections free from fraud and corruption, all reasonable requirements for the purpose, not calculated to abridge the elective franchise, are within the scope of legislative power.

That the affidavit of the elector and the oath of the householder is a reasonable requirement, would seem to be clear, in all cases where the elector's name does not appear upon the registry. It in nowise abridges his right to vote if entitled to the privilege. The provisions of section seven, of the act of 1865, apply to a different class of cases, from those of the act of 1861, which provides for the proof where the elector is challenged. Where the name of the elector does not appear on the registry list, the right is refused, because his name was not returned as a legal voter by the registry board, and the law has required that the voter shall make the prescribed proof before it is received. But when his right to vote is challenged, under the act of 1861, he must prove his residence by his own oath, and also by that of two other witnesses.

Under this act of 1865, the oath and affidavit need contain no more than the statute prescribes. And this is manifest from

14—47TH ILL.

the last clause of the section which requires this proof. It declares that in case the vote is challenged, then the same oaths shall be required as are prescribed by the law. The oath, however, which the preceding portion of the section requires, was, no doubt, intended to supply the place of a registry when omitted, and nothing more. When the voter's name is placed upon the registry, he is entitled to vote unless regularly challenged. But when it is omitted, he must first prove by his affidavit, and the oath of the householder, the facts required by the statute, before he can occupy the position of a registered voter who is unchallenged. For the purpose of placing him in that position, no other or further proof is required. Until his vote is regularly challenged, the question whether the act of 1861, prescribing the period a voter shall reside in the precinct, is constitutional, does not arise. In this case, until appellee proved by the oath of a householder and registered voter, the facts required by the act of 1865, appellants were not liable for refusing to receive his vote. He was bound to comply with the requirements of the law, before he could insist upon the recovery of the penalty. Nor could the fact that they may have placed their refusal to receive his vote on grounds which are not tenable, change their liability. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*

BREESE, Ch. J., dissenting.