AUGUSTUS E. BOURNIQUE

v.

GEORGE A. ARNOLD ET AL.

*Master and Servant—Contract of Service—Balance Due—Recovery of —Conditions—Architect's Certificate—Refusal to Accept—*Quantum Meruit *Agency—Evidence.*

1. In the absence of fraud the certificate of an architect, calling for a payment from an owner to a building contractor, is conclusive between the contractor and the owner.

2. The return by a contractor to an architect of a final certificate amounts to the assertion that payment is recoverable without the same.

3. In such case no recovery can be had under the contract, the architect refusing the request of the contractor to again deliver the certificate in question.

[Opinion filed June 14, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. GEORGE W. BRANDT, for appellant.

Messrs. DUNCAN & GILBERT, for appellees.

GARNETT, P. J.   In the court below appellant was sued in assumpsit by appellees March 2, 1886.   The latter were carpenter contractors, who agreed with appellant to do all the carpenter work for a building that appellant was erecting in 1883.   Their contract was in writing, by the terms of which they agreed to furnish the materials and do the work according to the plans and specifications made by Burnham & Root, architects, who, they also agreed, should approve and certify the same by writing or certificate under their hand. Appellant on his part agreed thereby to pay to appellees the contract price ($11,254.30) upon the presentation of certificates signed by Burnham & Root.   As the work progressed certificates for various amounts were signed by the architects, delivered to appellees and paid by appellant.   Claiming that they had completed the work as agreed, appellees soon thereafter, and about December 1, 1883, applied to Burnham & Root for a final certificate.   There was some dispute or misunderstanding between the contractors and architects, growing out of extra work alleged to have been done, and of other work and materials embraced within the contract, which the architects claimed had been omitted by appellees.   At that time, however, the architects handed to appellees a paper, which is said to have been a final certificate, for about $1,700, or, as one of the witnesses states, the sum of $1,747.   After examining the paper the appellees, being dissatisfied with the amount named therein, handed it back to the architects, since which time no witness claims ever to have seen it, nor was it ever presented to or seen by appellant.   Appellees then filed in the Circuit Court a petition for a mechanic's lien for the amount alleged to be due them, which in due course was heard and dismissed without prejudice in January, 1886.

Soon thereafter they applied to Burnham & Root for the certificate, which had been made out and delivered as above stated, but they were told by the architects that they had tendered a certificate once and would not do it again. That was over two years after the certificate was first delivered to, and rejected by, appellees. The proof concerning the contents of the certificate was somewhat vague, but, conceding it was in all respects satisfactory, the inquiry remains, was the presentation of the certificate to appellant a condition precedent to recovery? No evidence was given of the value of the work and materials, appellees relying solely on parol proof of the amount stated in the certificate as conclusive of the amount due them. The contract of appellees required them to do three distinct things before they could call on appellant for money: (1) They were to furnish labor and materials; (2) procure a written certificate from Burnham & Root as to the amount which appellant should pay to them; (3) present the certificate to appellant. Whatever difference in judgment there may be as to the importance to appellant of the third requirement, there can be no division of opinion as to his right to demand that, under the stipulations of the contract, appellees yield to the demand; and as no fraud or unfair practice was resorted to for the purpose of securing their consent, no good reason can be given why they should be relieved of their undertaking. If it were necessary to assign a cause for appellant's desiring a written certificate the task would not be difficult. In general terms it is well known that the human memory is treacherous, while words and figures committed to writing are more enduring, and can not, by anything short of a crime, be made to tell more than one story. Then it must be remembered that one employing an architect, relies not only on his skill but on his responsibility. In the absence of fraud the certificate of the architect is conclusive between the owner and the contractor, but it cuts no figure between the owner and the architect. The responsibility of the latter can not be thus written away by his own hand. The owner is deeply interested in having written evidence over the architect's own signature as to his action in the premises, and

when he makes the presentation of such evidence to himself a condition of payment to the contractor, the latter having agreed to the condition, will not be heard to say that he will not perform that agreement, but that he will do something else which he considers just as well for the owner. It is enough for the owner to say by the contract, it is thus written. As it was written so it must stand and be enforced. Barney v. Giles, 120, 154.

The case here presented is not one where the certificate was destroyed by the act of God, the public enemy or inevitable accident. But appellees, assuming to pass upon their legal rights, wilfully and deliberately disqualified themselves for compliance with their contract. Having received the certificate upon which they now rely, after examination of the same, they deliberately returned it to Burnham & Root. In so doing they assumed the burden of proving that a case had arisen which entitled them to payment from appellant without a certificate. We surmise that they endeavored to maintain that position until the mechanic's lien case was dismissed. Having failed to sustain that contention they now strive to restore things as they were when they had the certificate in their possession, not by performing their contract, but by substituting something in the place of performance. But the fact is overlooked that, so far as appellees are concerned, the relations of Burnham & Root to appellant terminated the instant the certificate was delivered to appellees. When they returned the paper to Burnham & Root they took upon themselves all risk of so doing. It was not returned to appellant's agents, for Burnham & Root were no longer his agents in any transactions with appellees. If Burnham & Root after that time were agents of any person for the holding of the certificate, they were the agents of appellees, and by them alone they now find themselves refused possession of the paper. The contract of appellees not having been performed they can not recover thereon. If there can be any recovery on a *quantum meruit* (as to which we express no opinion) no case appears from this record for such recovery, as no proof of the value of the labor and materials was introduced on the trial. The judgment is reversed and the cause remanded.

*Reversed and remanded.*