## ZEMACH DAVIDSON
## V.
## NAPOLEON PROVOST.

*Mechanics' Liens—Payment—Architects' Certificates—Death of Member of Firm of—Evidence.*

1.  The recognition by an owner and building contractor of the surviving member of a firm of architects, upon whose certificates payments were to be made, as superintendent and architect, is binding upon both.
2.  Upon a bill filed by a building contractor to enforce a mechanic's lien for an amount claimed to be due, this court holds as erroneous the refusal of the trial court to admit upon the part of the defendant, evidence going to show that the plaintiff had not followed the plans and specifications whereby he was injured, and that the decree for the plaintiff can not stand.

[Opinion filed December 24, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Mr. ISRAEL COWEN, for appellant.

Wherever there is allegation of power for a mere private

purpose, the concurrence of all intrusted with the power is necessary to its due execution.    Morse on Arbitration, p. 162; Green v. Miller, 6 Johns. 39; Patteson v. Leavitt, 4 Conn. 50; Russell on Arbitration, 3d Ed. p. 207.

In Bannister v. Read, 1 Gilm. 102, an award was held void, because made by only two of the three arbitrators, to whom the reference was made.    See, also, Watson on Awards, 8; Thomas v. Harroll, 1 Sim. & Stu. 524.

In Towne v. Jaquith, 6 Mass. 46, the court held the award void, where but two of three made the same, because of the necessity of giving effect to private confidence.

The same distinction between matters of public concern and private confidence is made in Green v. Miller, 6 Johns. 39 and Cope v. Gilbert, 4 Denio, 347.

This position is sound enough to go further than we purpose to, but it at least should have enabled the defense to put in a defense, and the failure to allow appellant to do so is of itself a strong recommendation for a reversal.

In Tetz v. Butterfield, 54 Wis. 242 *et seq.*, it was held that when the plea set forth that improper and inferior materials had been used by the plaintiff, and that the architect had wrongfully certified satisfaction, and in other respects failed to discharge his duty as an architect, thus perpetrating a fraud upon the rights of the defendants, that the defendant was entitled to show in evidence all facts tending to show bad faith on the part of the architect in superintending the building.

It is also well settled that the architect can not change the terms of the specifications without special authority.    Adlard v. Muldoon, 45 Ill. 193.

Neither the builder nor the architect can change the specification or deviate therefrom, substantially, even by substituting what is claimed to be better work or material, without authority, in accordance with the contract.    Idem.

There is a mistaken impression prevailing as to how far the architect's certificate concludes the owner.

The general rule seems to be that the certificate of an architect, whose approval is required before any payment is

due, can not dispense with the performance of any substantial part of the contract.   It may be binding as to the fact, whether the work certified to was done in a workmanlike manner, or of proper materials of the kind required.   Bond v. Newark, 4 C. E. Gr. 376.

Mr. HENRY MEISELBAR, for appellee.

GARNETT, J.   Appellant and appellee made a contract by which Provost agreed "to build, finish and complete a building at No. 59 Wilson St. in a careful, skillful and workmanlike manner, to the full and complete satisfaction of Ackerman & Smith, architects and superintendents, and have all work fully completed on or before April 25, 1886,   *   *   *   so as to fully carry out the designs of said work as set forth in the accompanying specifications, and the plans and drawings therein especially referred to, the same being made a part of said contract;" Davidson reserving the right and privilege of making any alterations in the designs; and he agreed to pay to Provost $7,050, said amount to be paid in installments; fifteen per cent to be paid upon completion of contract, payable on architects' certificates.

Soon afterward Smith, one of the architects named, died, but work on the building proceeded under the superintendence of Ackerman.   He issued the certificates for payments to the contractor, and they were paid without objection by appellant, excepting a certificate for $450 for extra work, and the final certificate for $1,000 for labor and materials provided under the original contract.   Provost filed his bill in the Superior Court to enforce a mechanic's lien for the amounts so remaining unpaid; a decree was entered in his favor for $1,930.45.

Appellee contends that the certificates of Ackerman are conclusive, while Davidson insists that the death of Smith terminated the power to issue them so as to bind him.   The general rule governing in such cases is stated in Mechem on Agency, Sec. 251:   "As has been seen, a power confided to two or more private agents must ordinarily be exercised by all

of them jointly; the death of one of them, therefore, where the authority is joint, renders the further execution of the agency impossible and it is therefore terminated. Where, however, the agency is joint and several, the death of one agent does not terminate it."

See, also, Morse on Arbitration, 162; Sugden on Powers, 145 146; 1 Wait's Actions & Def. 291; Hartford Fire Ins. Co. v. Wilcox, 57 Ill. 181; Robson v. Drummond, 2 B. & Ad. 303; Rowe v. Rand, 111 Ind. 210.

The recognition by both parties, of Ackerman as superintendent and architect, after Smith's death, takes the case out of the general rule. If Davidson intended to confine his authority within narrower bounds than those the contract prescribed for Ackerman & Smith, he should have notified Provost of his intention, instead of encouraging him to rely upon that interpretation of his acts which would be commonly given them. The effect of the certificate, however, is not as absolute as indicated by the rulings of the court on the hearing of the case. The defendant produced witnesses, by whom he proposed to prove that the plans and specifications had been disregarded by Provost in material respects; that certain parts of the work and materials had been wholly omitted, and alterations made in other particulars, and that by reason thereof appellant suffered damages to the extent of $2,000.

The court rejected the evidence, and defendant excepted to the ruling. The exception is well taken. If the evidence had been admitted it might have shown such gross dereliction of duty on the part of the architect as to raise a presumption of fraud or mistake in the issuing of the certificates. The importance of this point is emphasized by the admission of the architect in his testimony, that he never looked to see whether certain parts of the specifications had been complied with. For this error, which is the only one we think well assigned, the decree is reversed and the cause remanded.

*Reversed and remanded.*