GEORGE A. ARNOLD AND JOHN TAGGART, COPARTNERS,

v.

AUGUSTUS E. BOURNIQUE.

*Former Appeal—Law as Then Declared Binding—Architect's Certificate—When Conclusive—Pleading—Common Counts.*

Where, in accordance with the provisions of a building contract, an architect gives a certificate as to the performance of work by the contractor, there is, in the absence of fraud or mistake, no appeal from the judgment of the architect.

[Opinion filed March 19, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Mr. ALBION CATE, for appellants.

Mr. GEORGE W. BRANDT, for appellee.

GARY, J. This case has been here before and is reported, with the names reversed, in 33 Ill. App. 303. The law then declared binds us now. C. M. & St. Paul Ry. Co. v. Hoyt, 37 Ill. App. 64.

On the last trial the appellants offered to prove under a *quantum meruit* count, the value of their labor and material. The evidence was rejected. The appellants urge that Davidson v. Provost, 35 Ill. App. 126, is authority that it should have been received. The cases are not parallel. There certificates were to be given by two architects, one of whom had died, so that the authority had ceased. The work went on, however, under the superintendence of the other, by acquiescence of both parties, but without any new contract, and he, without looking to the performance of the work according to the contract between the parties, gave certificates. Here, in the honest exercise of their judgment, the architects gave the certificate that the appellant rejected. From that judgment there is no appeal to a jury in the hope that they may differ in opinion from the architects. To make out fraud or mistake by which their certificate can be avoided or dispensed with, the evidence must show, as in the case last cited, that they did not exercise their real judgment. McAuley v. Carter, 22 Ill. 53, and similar cases collected in Stose v. Heissler, 120 Ill. 433.

The form of pleading does not change the rights of the parties. The common counts do not enable one to recover when he has no cause of action. "They are appropriate only when the defendant had received, in some form, the equivalent of the money which he is called upon to pay." * * * "However special the contract, not under seal (and under the statute, perhaps if it is), if the plaintiff has performed it, and the defendant received under it the benefit for his own use, in general some common count will suffice." Zjednoczenie v. Sadecki, 41 Ill. App. 329. It might have been added, that without full performance, if on all the circumstances the law recognize the right to some, though only partial, payment, a common count is appropriate. See cases collected by court and counsel in Walker v. Brown, 28 Ill.

378.   Here, without the presentation of a certificate to the appellee, the appellants have no cause of action.   Barney v. Giles, 120 Ill. 156.   In some cases a failure to reject or abandon what has been done gives the right to compensation *pro tanto*, but here the appellee could not reject or abandon.   Eldridge v. Rowe, 2 Gil. 91.

The judgment is affirmed.

*Judgment affirmed.*