## Samuel Davis v. A. F. Gibson.

1. BUILDING CONTRACTS—*Certificate of Architect Final Except in Case of Fraud or Mistake.*—Where work on a building is done under the supervision of an architect chosen by the parties, the owner of the building can not be allowed to urge defects in the work. The decision of the architect must be final and binding, unless it be shown that his certificate is the offspring of fraud or mistake.

2. SAME—*Fraud or Mistake of Architect in Issuing Certificate—How Shown.*—Fraud or mistake on the part of an architect in issuing a certificate to a building contractor can not be shown by submitting to a jury evidence as to the quality of the work, but only by evidence touching the architect himself, to show that he did not exercise his real judgment.

3. SAME—*Fraud or Mistake of Architect in Issuing Certificate—Injunctions Against Architects.*—The defendant in a suit on an architect's certificate, in order to impeach such certificate, offered in evidence the record of a chancery suit began by himself against the architect to restrain the latter from further acting as architect, but it did not appear whether such suit was begun before or after the certificate was issued, or whether the holder of the certificate had notice. *Held*, that the record was not admissible.

4. APPELLATE COURT PRACTICE—*New Points Can Not be Made on Petition for Rehearing.*—A point not made in the original brief can not be raised on rehearing even on petition of an appellee.

5. EVIDENCE—*To Impeach a Witness Should be Offered Specifically.*— It is not error for a court to refuse to admit evidence which constitutes no defense to an action, but which may be proper for the purpose of impeaching a witness when such proof is offered as a defense alone. To make it admissible it should be offered for the purpose of impeachment and not as a defense.

**Assumpsit**, on an architect's certificate. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 24, 1897. Rehearing denied. Opinion filed June 14, 1897.

COWEN & HOUSEMAN, attorneys for appellant.

WILLIAM H. SAFFORD, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
Efforts to avoid certificates of architects, given in pursu-

ance of provisions in building contracts, by submitting the question of performance of the contract to review by a jury, have been so often unsuccessful, that counsel could not reasonably hope to be successful in the present effort of that character. "It is in vain to allege defects in the work when the whole work was done under the eyes of architects chosen by appellant. Their decision must be final and binding, and their certificate conclusive, unless it be shown such certificate is the offspring of fraud or mistake connected with the issuing or the obtaining such certificate." Lull v. Korf, 84 Ill. 225.

And such fraud or mistake can not be shown by submitting to a jury evidence as to the quality of the work, but only by evidence touching the architect himself, to show that he did not exercise his real judgment. Arnold v. Bournique, 44 Ill. App. 199, 144 Ill. 132.

Evidence offered by the appellant, to show "defective work of appellee," was rightly rejected. The appellee put in evidence two architect's certificates, and the appellant offered in evidence an affidavit of the architect that the last one was issued subject to a proviso not named in it. The appellant presents no argument or authority that the affidavit was admissible. It was not offered as impeaching the architect, for his testimony denying the proviso did not come in until afterward.

The court rightly rejected the affidavit.

The appellant offered in evidence the record of a chancery suit begun by himself against the architect to restrain the latter from further acting as architect.

Whether that suit was begun before or after the certificates were issued, and whether the appellee ever had any notice of the suit, the abstract does not show. Any discussion of the question whether, if the appellee had notice of an injunction against the architect issuing certificates at the time his were issued, such certificates would avail him, would be irrelevant.

The record was rightly rejected.

There is no error in the case, and the judgment is affirmed.

Mr. Justice Gary on petition for rehearing.

It now, for the first time, comes to our notice that the affidavit of Myers was offered in evidence after, as well as before, he testified; but it was never offered as for the pur. pose of impeaching him, but only as evidence generally— that is, to prove the fact that his final certificate was subject to a proviso not named in it.

In this petition is the first allusion, below or here, by the appellant to the competency of the affidavit as impeaching Myers.

A point not made in the original brief can not be raised on rehearing, even on petition of an appellee.    Marthaler v. Druiding, 58 Ill. App. 336, which cites Gaines v. Williams, 146 Ill. 450, where the point was decided.    Railway Conductors v. Leonard, 166 Ill. 154.

When the affidavit was offered, after Myers had testified, it should have been offered specifically as impeaching him. Byler v. Asher, 47 Ill. 101.    Offered, as it was, generally, rejecting it was no error.

The petition is denied.