## ALBERT BLOOME
### *v.*
## CHARLES C. HOGRAEFF.

*Opinion filed December 18, 1901.*

1. ELECTIONS—*Registration law does not embrace school elections.* The Registration law does not embrace school elections or elections other than those within its terms.

2. SAME—*when affidavit of qualification need not be made.* If an election judge challenges a legal voter upon some ground which does not go to his qualification as a voter, such voter is entitled to vote without making an affidavit.

3. SAME—*when votes improperly rejected should be counted on contest.* If there is no difficulty in determining for whom qualified voters attempted to vote and the proper result can be reached with certainty, such votes should be counted on contest, and the entire election is not to be set aside even though the ballots cast by such voters were not allowed to be deposited in the ballot-box but were placed by themselves in another receptacle, and preserved, sealed up and produced on the contest as rejected ballots.

APPEAL from the County Court of Macoupin county; the Hon. AMOS OLLER, Judge, presiding.

W. E. P. ANDERSON, (D. E. KEEFE, of counsel,) for appellant.

PEEBLES & PEEBLES, and J. E. McCLURE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant, Albert Bloome, and the appellee, Charles C. Hograeff, were opposing candidates for the office of school director at the election held on April 20, 1901, in school district No. 2, township No. 10, range No. 6, in Macoupin county. The result of the election, as declared by the judges and returned to the township treasurer, was that appellee received sixteen votes and appellant twenty-one, and that appellant was elected. Appellee filed his petition in this case in the county court of said county to contest the election on the ground that eleven

women possessed of the necessary qualifications to enti-
tle them to vote offered ballots in his favor to the judges
of the election, which were rejected by them but which
should have been received and counted. Upon a hearing
the court counted said ballots for the petitioner, making
twenty-seven votes for him, and he was declared elected.

The following facts appear from the record: Two of
the school directors, Albert Leefers and John Tietjen,
acted as judges in the election, and the other director,
the petitioner, Charles C. Hograeff, was clerk. A hat was
placed upon a table in the school house where the elec-
tion was held and was used for a ballot-box, into which
sixteen men cast ballots for the petitioner, Charles C.
Hograeff, and twenty-one men cast their ballots for the
defendant, Albert Bloome. About half an hour before
the time for closing the polls thirteen women appeared,
marching up the center aisle toward the ballot-box. The
defendant, Albert Bloome, deeming their appearance an
ill-omen to his prospects of election, when the head of
the column was about half way up the aisle challenged
their right to vote because they were not registered vot-
ers. He said that the women had to be registered thirty
days before the election to entitle them to vote, and did
not challenge them on any other ground. The women
said they had come to vote and were going to vote, and
there ensued a great deal of conversation, including in-
dignant and uncomplimentary remarks concerning the
defendant, in which the witnesses say the women were
all talking at the same time. The women generally of-
fered to be sworn. There was much confusion, and the
evidence is contradictory as to what the defendant then
said and did, but the county court was justified in finding
that defendant said, "No swearing goes here," and that
they could not swear except before a justice of the peace
or a constable, and that he took the hat used for voting
and passed it over to Leefers, one of the judges, tell-
ing him not to let them vote. When the defendant said

the women must go before a justice of the peace, Leefers concurred with him and made the same statement. John Tietjen, the other judge, said, "Whatever is right, I will say that too." There was no justice of the peace in the district or any person authorized to administer oaths present, except the persons who were acting as judges of the election. The women were not permitted to put their ballots in the hat, but the petitioner, for whom they wanted to vote, said they could vote in his hat. He got his hat, and eleven of the women put ballots in it with the name "C. C. Hograeff" on each of them. In canvassing the votes the judges refused to count the ballots of the women, and petitioner, who was acting as clerk, put them in an envelope and sealed them up, and wrote on it the following: "This envelep cantanes they illegal balets," and returned them, with the poll-book, to the township treasurer. The women all had the qualifications of voters and were entitled to vote at the election.

The statute provides that whenever any person offering to vote is not personally known to the judges of election to have the qualifications of a voter, and his vote is challenged by a legal voter, he shall make and subscribe an affidavit and furnish the affidavit of a witness in the forms given in such statute. In this case the judges of the election knew all the women and knew that they possessed all the qualifications of voters, and it is argued that they were therefore not required to make any affidavit. The provision of the statute relating to the personal knowledge of the judges concerning the qualifications of a voter must be determined by them, and if they require the affidavit it must be made. If they refuse to permit a person to vote and require him to make an affidavit, although, as a matter of fact, he may be known to them, he is not relieved from the necessity of making the proof required by the statute. (*Byler* v. *Asher*, 47 Ill. 101.) The challenge in this case, however, was expressly limited to a qualification not re-

quired by law. The registration law does not embrace school elections or elections other than those within its terms. (*Knox County* v. *Davis*, 63 Ill. 405; *Plummer* v. *Yost*, 144 id. 68.) The challenge was one that need not be met by any affidavit, being on account of a matter utterly immaterial and not constituting any qualification. The objection of defendant not relating to any legal qualification, amounted, in law, to no challenge at all. The judges wrongfully refused to receive the ballots.

A claim that the women actually voted at the election for the petitioner cannot be sustained. The hat of the petitioner, Hograeff, was not a ballot-box provided by the judges as such, or used or recognized by them as a ballot-box or receptacle for ballots. The voters might just as well have deposited their ballots in any other place as in the hat, and they were never cast as ballots at the election. The only serious question in the case is whether the votes, which were improperly rejected, should be counted in the contest. There were enough of them to change the result of the election, and if they cannot be counted the whole election should be declared void. If they can be counted the will of the electors will be carried out and the election will not be defeated. The question is not free from doubt, and some courts have preferred one view and some the other, but we are inclined to adopt as the better doctrine the rule that if there is no difficulty in determining whom the qualified voter attempted to vote for, and the proper result can be reached with certainty, the votes should be counted and the entire election not be set aside. In this case there is no question whatever as to whom the ballots presented by the women were for. The petitioner proved everything necessary to establish their legality; that the women were legal voters; that they offered their ballots to the judges; that they were rejected, and that they were for him. They were preserved, sealed up and produced at the trial of the contest, and none of these

facts are questioned. There were some irregularities in the election, but no one complains of the use of the hat which was adopted as a ballot-box instead of a regular box. The true result of the election, if the legal ballots had been received, has been determined beyond question, and we think the county court was right in counting the rejected ballots, which were offered for the petitioner and which the voters were prevented from depositing. *Niblack* v. *Walls*, Smith's El. Cas. 101; *Bell* v. *Snyder*, id. 247.

The judgment is affirmed.                *Judgment affirmed.*