Zelma Sutton et al., Appellants, v. Robert Phillips, Appellee.

Gen. No. 9,605.

Opinion filed October 29, 1948. Released for publication November 24, 1948.

LOUIS L. MASON and F. R. WILEY, both of Decatur, for appellants.

VAIL, MILLS & ARMSTRONG, of Decatur, for appellee.

MR. PRESIDING JUSTICE DADY delivered the opinion of the court.

This case comes before us on appeal by the six plaintiffs, Zelma Sutton, William Ankrum, Stella Lou Baggett, Rosemary Scheibly, Virgil Walker and Harry Tuttle, from a judgment of the circuit court in favor of the defendant Robert Phillips, based on the verdict of a jury finding the defendant not guilty in an automobile collision case.

The collision occurred on July 29, 1945, about midnight on U. S. Route 36. The six plaintiffs were riding easterly in an automobile owned by the plaintiff Zelma Sutton and driven by the plaintiff William Ankrum. The defendant was driving westerly. The front of defendant's car struck the right front door of the Sutton car, causing physical injuries to the plaintiffs and property damage to the Sutton car. Each side claims that the opposite car was on the wrong side of the pavement,—Ankrum testified that in order to avoid the collision he quickly turned his car to his left, and the defendant testified that the Sutton car suddenly turned to its left in front of him.

Plaintiffs contend that the verdict was against the manifest weight of the evidence. This contention is based largely on the fact that five of the plaintiffs testified in their own behalf, whereas the defendant was the only eyewitness for the defendant who testified as to what took place at the time of and immediately before the collision. There was only one other person in defendant's car,—a 13 year old boy who testified he was asleep before and at the time of the collision, but felt the car swerve and then heard the crash. In considering the credibility of the witnesses the jury may have been influenced by the fact that Ankrum, the driver of the Sutton car, on cross examination, admitted that in 1927 he pleaded guilty to grand larceny

of an automobile, in 1930 he was convicted of grand larceny, and in 1943 he pleaded guilty to robbery. We have carefully read the evidence and it is our opinion that we cannot properly say that the verdict is against the manifest weight of the evidence.

Ankrum testified that a short time before the collision while in a dine and dance restaurant, he had one drink of whiskey. Mrs. Sutton testified that ''To the best of my knowledge there wasn't any whiskey in the car; I had no whiskey along; some one took whiskey, I don't know who, we all went together and bought it, there was one fifth that I know of.'' Robert Cahill, a State police officer testified that he received a radio call about 1:30 a. m. and immediately went to the scene of the accident and there talked to Ankrum; that Ankrum was the only one of the occupants of either automobile then present, that the rear wheels of the Sutton car were then in the ditch, that he smelled intoxicating liquor on Ankrum's breath, and then found two bottles of whiskey, both fifths, in the weeds ''right back'' of the Sutton car, one bottle being full and the other mostly empty, but that Ankrum told him it wasn't Ankrum's liquor.

After Cahill so testified the plaintiffs moved that Cahill's testimony as to finding such liquor be stricken, but such motion was denied. Plaintiffs contend that the court erred in denying such motion. Neither side have cited any authority on the question. In view of the facts in the case it is our opinion there was no error in the denial of such motion.

Eleven instructions were given at the request of the plaintiffs and twenty-eight at the request of the defendant.

Defendant's instruction ''C'' told the jury that the mere fact that a plaintiff received the injuries complained of was no evidence in itself of negligence on the part of the defendant, nor evidence in itself of the exercise of due care on the part of such plaintiff. A

similar instruction was held error in *Smith v. Illinois Power Co.,* 279 Ill. App. 505, 520, as being an abstract statement of the law not applicable to the facts. Seven of defendant's instructions in substance or effect erroneously told the jury that each plaintiff must prove that he or she was entirely free of any negligence that contributed to the injury,—regardless of whether such negligence proximately contributed to the injury. The giving of such instructions was error. (See *Consolidated Coal Co. v. Bokamp,* 181 Ill. 9, 18; *Williams v. Stearns,* 256 Ill. App. 425, 434, and cases cited therein.)

The plaintiffs in our opinion rightfully contend that the defendant's instructions as a whole were needlessly long, involved, confusing and repetitious,—particularly in repeatedly telling the jury to find the defendant not guilty under certain circumstances. Their verbosity can be briefly visualized by the fact that in the printed abstract they cover fourteen pages, while plaintiffs' given instructions cover but four pages. Practically every one of defendant's instructions is subject to the specific objection raised by plaintiffs' counsel. For us to discuss each one of such instructions would unduly lengthen this opinion and serve no useful purpose.

The tender of so many such instructions was in our opinion an imposition on the court, and attorneys should realize that such conduct may seriously prejudice the sustaining of a favorable verdict.

Ankrum and the other plaintiffs were, of course, entitled to a fair trial according to the rules of law,—regardless of the past record of Ankrum.

It is our opinion that because of such error in the giving of instructions the plaintiffs did not have a fair trial.

The judgment of the trial court is therefore reversed and the cause is remanded for a new trial.

*Reversed and remanded.*