Robert Welch, Administrator of Estate of Frederick Raymond Welch, Deceased, Appellant, v. Grover Herman, Appellee.

Term No. 49F17.

Opinion filed April 18, 1949. Released for publication May 25, 1949.

Lindauer, Lindauer & Pessin, of Belleville, for appellant.

Pope & Driemeyer, of East St. Louis, for appellee.

Mr. Justice Bardens delivered the opinion of the court.

Robert Welch, as administrator of the estate of Frederick Raymond Welch, deceased, (hereinafter referred to as appellant) filed suit against Grover Herman (hereinafter referred to as appellee) to recover for the death of his four year old son, Frederick Raymond Welch, who died from injuries received when struck by an automobile driven by the appellee. In the circuit court, a trial by jury was had resulting in a verdict finding the defendant not guilty. From this holding an appeal is brought to this court. The errors relied upon by appellant for reversal are two; namely, that the verdict of the jury was against the manifest weight of the evidence and that the lower court erred in the instructions given.

Appellee's third instruction which was given by the lower court is as follows: "The court instructs the jury that. before plaintiff can recover in this case he must prove by the greater weight of the evidence the following material elements in this case: . . .

3. That the plaintiff and plaintiff's intestate's next of kin were not guilty of any negligent act or conduct causing or contributing to his injury and death . . ."

Appellant contends that the above instruction is error in that the only negligence of the appellant's intestate's next of kin which will bar this action is that negligence which directly and proximately contributed to cause the injury and death. Such is the law in Illinois, and the giving of the above instruction was error. *Schmidt v. Anderson,* 301 Ill. App. 28 and cases cited: *Sutton v. Phillips,* 335 Ill. App. 381.

However, it is a well-established principle of the law that all error is not reversible error and that if the judgment or verdict of the lower court is the only one which could be properly rendered consistent with the evidence and the law of the case, then such error in the trial court's instructions does not constitute reversible error. *Standard Oil Co. v. Daniel Burkhartsmeier Cooperage Co.*, 333 Ill. App. 338 and cases cited. In this case, if the appellee were negligent it was because of the speed at which he was driving. However, from the evidence, it appears that the jury could be justified in finding only for the appellee.

The accident in question occurred on Belleville street, which runs generally in an east-west direction, in Lebanon, Illinois. Appellant's intestate while crossing said street was struck by the left front corner of the car of the appellee who was driving in an easterly direction. At the scene of the accident, visibility was good. The pavement was dry and it was approximately 5:15 in the afternoon. J. H. Fraser, appellant's witness, testified that he was driving west on said street just before the accident happened, that he waved to appellant's intestate, who was then not out in the street but off the street between the sidewalk and the curb, north of said street, that he, Mr. Fraser, continued driving west on Belleville street some fifty feet beyond Stanton street, an intersecting street, when he met a car going in the opposite direction at a speed of thirty-five miles an hour, that "after the passing of the two autos" he then heard the squeaking that conveys a hard application of brakes which caused him to look in his rear-view mirror in which he saw a car turning around in the street. Mr. Fraser testified he did not know whether the car he saw turning around in the street when he looked in his rear-view mirror was the same car as the one that he had met going in the opposite direction at a speed of thirty-five miles per hour. He was unable to identify appellee's car as be-

ing one and the same car which passed him going thirty-five miles an hour in an opposite direction. No evidence was offered showing that there was no other traffic in an easterly direction at that time.

Mary Lou Smith, who was seven years old at the date of the accident and who was the only actual witness to the accident, was unable to testify as to how appellee's car was driven other than it, "came out of the highway from the golf course."

Clifford Schaefer, another witness for the appellant, testified that he had followed the car, which he later learned to be that of the appellee, for some distance on the short-cut outside the city limits of Lebanon which short-cut joined in and continued on Belleville street. He testified that he was going some forty to forty-five miles an hour until he came to the city limits and that at said time he was 150 to 200 feet back of the rear of the appellee's automobile. Testimony introduced at the trial revealed that Belleville street was not level and that more than 225 feet west of the scene of the accident there was a crest of a hill and that one approaching on said street from the west would be unable to view the scene of the accident until he arrived at the top of said hill. Prior to and just before Mr. Schaefer reached the top of this hill, he met two girls on bicycles going in the opposite direction and was forced to slow down. His testimony is, however, that he did not slow within twenty miles an hour. Mr. Schaefer was unable to see the car driven by the appellee after it passed over the crest of said hill. When he again was able to view the progress of appellee's car, he saw it bob and weave from side to side and then stop. Mr. Schaefer testified that the distance between his car and the appellee's car from the time the appellee's car passed over the crest of the hill until it was again visible to Mr. Schaefer seemed to have become greater. However, Mr. Schaefer testified that he could not see the car driven by the appellee after it passed the crest of

the hill and that what the car did when traveling from the top of the hill to the scene of the accident he was not able to say. Appellee might well have driven faster than the witness, Schaefer, at some time in that interim; but the testimony of Mr. Schaefer does not indicate what appellee's speed was at the time of the accident.

The only other evidence of the speed of appellee's car were the skid marks at the scene of the accident. While the testimony was conflicting, it appears that these marks were 15 or 16 feet in length or the approximate length of a car. We are aware of no common knowledge that constitutes evidence of the relationship of the speed of a car to the length of the skid marks. Appellant, who bore the burden of the proof did not introduce any testimony indicating that said skid marks evidenced an excessive rate of speed. In absence of evidence being introduced by the appellant, the presence of these skid marks is not damaging to the appellee.

None of the testimony set out above indicates what the speed of the appellee's car was at the time of or just prior to the time of the accident. Mr. Schaefer's testimony does indicate that at sometime the appellee was going more than 20 miles per hour; even assuming this to be true, this testimony in and of itself does not establish negligent conduct proximately or directly causing the accident in question. Nor has the appellant introduced into this case any ordinance or statute which was violated by appellee's conduct. Taking all of the evidence into consideration, the jury had no choice but to find for the appellee.

In view of our conclusion concerning the evidence in this case, it is unnecessary to discuss other assignments of error.

The decision of the circuit court of St. Clair county is hereby affirmed.

*Judgment affirmed.*

CULBERTSON, P. J., and SCHEINEMAN, J., concur.