THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRY BAKER *et al.*, Defendants.—(ROY KING *et al.*, Defendants-Appellants.)

Fourth District   No. 14047

Opinion filed January 27, 1978.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellants.

Ken Boyle, State's Attorney, of Carlinville (Robert C. Perry and James G. Condon, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

After a joint trial by jury in the circuit court of Macoupin County defendants Roy King and Mary Kay Hughes Conner were each convicted of the offenses of murder, armed robbery, robbery, burglary and felony theft and each sentenced to concurrent terms of 50 to 150 years, 25 to 75 years, 6 2/3 to 20 years, 6 2/3 to 20 years, and 3 1/3 to 10 years for the offenses as respectively listed. Upon appeal they each contend that the trial court erred in: (a) refusing them leave to present self-defense instructions, (b) refusing to hold a hearing to determine if the testimony of a State's witness was tainted, (c) entering multiple judgments of conviction for "offenses arising from the same facts," and (d) imposing excessive sentences.

An extensive discussion of the evidence is not necessary for our decision. Joyce Tarro lived in Benld and there operated an establishment known as the Coliseum Ballroom. Patricia Ferrero worked at the ballroom and lived with Ms. Tarro. After closing the ballroom in the early morning hours of February 15, 1976, the two drove home taking with them the proceeds of the evening. Upon arriving home, they noticed that it appeared that someone was in the house. Ms. Ferrero testified that while she waited outside, Joyce Tarro drew a handgun which she possessed and entered the house. Gunfire ensued and Ms. Tarro dropped to the floor. Ms. Ferrero further testified that a car then pulled up and at least one person left the house and entered the car which then drove off. Joyce Tarro was found to be dead.

The principal witness to tie the defendants to the offenses was Jerry Baker who testified at trial that pursuant to a prearranged plan, he drove the defendants from Decatur to near the Tarro house in Benld, making various stops along the way. The plan was that the defendants would wait in the house and rob Ms. Tarro when she returned. Baker testified that he parked about two blocks from the Tarro residence and that when he heard gunfire, he drove to the house, stopped, picked up the defendants, and drove off. Several thousand dollars taken from Ms. Tarro and from in the house were later divided among the defendants and Baker.

The only murder count submitted to the jury charged defendants with felony murder as defined by section 9—1(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 9—1(a)(3)). The trial court refused defendants' request to instruct the jury as to self-defense. The court reasoned that self-defense cannot be interposed as a defense to conduct that would otherwise be felony murder. We agree.

Section 9—1(a) states, "A person who kills an individual without lawful

justification commits murder if, in performing the acts which caused the death: * * * (3) He is attempting or commiting a forcible felony other than voluntary manslaughter." Sections 7—1, 7—2 and 7—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, pars. 7—1, 7—2 and 7—3) provide for the situations in which an individual is justified in using force in defense of a person, a dwelling or other property. Section 7—4 of the Code provides in part: "The justification described in the preceding Sections of this Article is not available to a person who: (a) Is attempting to commit, committing, or escaping after the commission of a forcible felony; or * * *." Thus, by statutory definition, one who is attempting to commit or committing a forcible felony cannot use force against another in self-defense.

Defendants' theory is based upon the assumption that the jury could have believed that Joyce Tarro fired first and that she was not justified in doing so. They conclude that under those circumstances, they would have been justified in firing back in order to save their lives. They support their argument by citing *People v. Morris* (1971), 1 Ill. App. 3d 566, 274 N.E.2d 898, and *People v. Golden* (1975), 29 Ill. App. 3d 502, 331 N.E.2d 134. *Morris* ruled that when one co-felon in committing an armed robbery is killed in a struggle with an innocent party who comes upon the robbery, the other co-felon is not guilty of felony murder because the killing was not an act done in furtherance of the armed robbery. *Golden* ruled that manslaughter was an included offense of felony murder. We do not perceive the relevance of those cases.

■■ Much of defendants' argument is devoted to a contention that there was evidence that Joyce Tarro was not justified in shooting at the defendants. This argument seems to be centered on a theory that prudence would have required Ms. Tarro to obtain help before going into the house. Defendants also apparently contend that there was evidence that she may have fired first and was not authorized to do so. Without intending to express any agreement with defendants' position, we conclude that we need not consider their contention because it does not concern the issue involved in the request for the self-defense instructions. Those proposed instructions went not to the question of whether Ms. Tarro was justified in shooting at them but whether they were justified in shooting at her. The jury was instructed that in order to prove either defendant guilty of murder, that defendant must have been proved beyond a reasonable doubt to have been attempting or committing a forcible felony. If that was proved as to a defendant, that defendant could not, under the statutory definition of the term "justification" have been justified in shooting at Joyce Tarro regardless of whether she had been justified in her conduct toward them. The court properly refused the self-defense instructions.

The court's refusal to hold a hearing to determine if a witness should be

prohibited from testifying occurred when the State called Imogene Prather, the mother of key prosecution witness, Jerry Baker. The court had previously entered an order excluding witnesses from the courtroom. Upon the calling of Mrs. Prather, the defendants asked for a hearing to determine whether her testimony should be barred. They contended that although the witness had not been in the court, she had been told by people who had been in the courtroom, one of whom was taking notes, about the testimony of the previous witnesses. The court refused to permit the hearing. The witness testified to being present when the proceeds of the robbery were divided and otherwise tended to corroborate Baker's testimony. On direct examination, she testified that she had not discussed her testimony with anyone other than the State's Attorney. She was not cross-examined on this point.

■■ Defendants cite no direct authority permitting the court to prohibit a witness from testifying when, as alleged here, the witness had not directly violated the rule requiring her to stay out of the courtroom but had conversed about the testimony of prior witnesses with persons who had been in the courtroom. In *Gatto v. Curtis* (1972), 6 Ill. App. 3d 714, 286 N.E.2d 541, after an order excluding witnesses had been entered, counsel for a party read to a prospective witness who had not been in the courtroom during trial, portions of transcripts of prior witnesses' testimony. On appeal the court ruled that the trial court's order prohibiting the testimony of that witness was not an abuse of discretion. Here, unlike in *Gatto*, there was no allegation that the party attempting to call the witness (the State) had participated in the witness' obtaining information as to the testimony of prior witnesses. Furthermore, the defendants were free to cross-examine the witness when she testified to see if she had talked with others about the testimony of prior witnesses and to present testimony which would indicate that she had. Even if the witness had violated the exclusionary rule, the trial court would still have had wide discretion in deciding whether to permit her to testify (*People v. Nelson* (1965), 33 Ill. 2d 48, 210 N.E.2d 212, *cert. denied* (1966), 383 U.S. 918, 15 L. Ed. 2d 671, 86 S. Ct. 911). Although the testimony of Mrs. Prather was valuable to the prosecution in corroborating the testimony of Baker as to the division of the fruits of the crime, we do not deem the court's refusal to hold a hearing to be reversible error.

■■ ■ Determination of whether multiple convictions for closely related conduct of an accused may stand has been greatly simplified by the recent decision in *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, ruling that separate convictions may stand as long as one offense is not an included offense of the other. The State confesses that the robbery conviction was for an included offense to the armed robbery and may not stand. The defendants argue that the theft conviction is for an included

offense of the burglary. Theft, however, is not an included offense of burglary. (*People v. Shoemaker* (1975), 31 Ill. App. 3d 724, 334 N.E.2d 347.) Burglary requires the entry into a building with the intent to commit a felony or theft. (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a).) Theft, of course, does not occur unless the offense is consummated. The theft need not be consummated to constitute a burglary based upon larcenous intent. Thus as charged here, each offense has elements not included in the other offense and neither meets the requirements of an included offense of the other as defined in section 2—9(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 2—9(a)).

In view of the serious nature of the offenses for which defendants were convicted, we do not consider the sentences to have violated the admonition of section 1—11 of the Illinois Constitution of 1970 requiring that the objective of restoring an offender to useful citizenship be a substantial consideration in sentencing. The severity of the sentences does not indicate an abuse of discretion by the trial judge (see *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882).

The conviction and sentence for robbery are reversed. The other judgments appealed are affirmed.

Affirmed in part, reversed in part.

CRAVEN and WEBBER, JJ., concur.