670 N.E.2d 1189 (1996)
283 Ill. App.3d 854
219 Ill.Dec. 301
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Antonio HAMILTON, Defendant-Appellant.
No. 4-94-0961.
Appellate Court of Illinois, Fourth District.
Argued May 15, 1996.
Decided September 25, 1996.
*1191 Daniel D. Yuhas, Deputy Defender, Martin J. Ryan (argued), Asst. Defender, Springfield, for Antonio Hamilton.
Charles G. Reynard, State's Attorney, Bloomington, Norbert J. Goetten Director, State's Attorneys Appellate Prosecutor, Springfield, Robert J. Biderman, Deputy Director, State's Attorneys Appellate Prosecutor, Springfield, Kathy Shepard (argued), Staff Atty., State's Attorneys Appellate Prosecutor, Springfield, for People.
Justice KNECHT delivered the opinion of the court:
After a jury trial, defendant Antonio Hamilton was found guilty of residential burglary (720 ILCS 5/19-3 (West 1992)), and was sentenced to 18 years in prison. He appeals, arguing (1) the trial court committed reversible error in failing to submit to the jury his included offense instruction of theft; (2) the State failed to prove the offense beyond a reasonable doubt; and (3) the trial court failed to consider two applicable statutory mitigating factors in sentencing. We affirm.

I. BACKGROUND
Defendant was charged in July 1994 with residential burglary. The bill of indictment charged he "knowingly without authority entered the dwelling place of Bob and Rita Williams with the intent to commit therein a theft," in violation of section 19-3 of the Criminal Code of 1961 (720 ILCS 5/19-3 (West 1992)).
On the morning of January 29, 1994, Robert Williams was in his kitchen, when his six-year-old son came to him and said that someone was at the door to see him. When Robert went to the front door, he saw someone exiting the bedroom where his wife was sleeping. He identified defendant as the intruder at trial. He also testified he previously picked him out of a photo lineup. Robert testified when defendant saw him he immediately said "[]she owes me money[`] or something like that." Robert took hold of him and started pushing him toward the door, but *1192 before he was able to eject him he observed his wife's purse was hidden beneath the person's jacket. He tried to grab the purse and scuffled with defendant. Defendant pulled away and escaped with the purse, but left his jacket in Robert's hands.
Robert yelled for his wife to call the police. Rita Williams woke up, heard her husband yelling, and saw him pushing someone out of the house. After calling the police, she saw the intruder in the backyard and told her husband. Defendant then came back to the front door, placed the purse on the front porch, and said he wanted his jacket. Robert warned defendant the police were coming, told him to step away from the porch, took the purse, and threw the jacket (and a small bag containing a substance Robert assumed to be marijuana, which had fallen out of the jacket during the scuffle) outside. Defendant walked to a parked car and left.
Shortly after retrieving the purse, Robert and Rita discovered Rita's wallet was not in the purse where she had left it the night before. The wallet was never recovered.
Detective Richard Barkes of the Bloomington police department was assigned to investigate the incident. After Robert identified defendant in a photo lineup, Barkes arrested defendant. After waiving his Miranda rights, defendant admitted going to the Williams residence and taking the purse out of the bedroom. He gave a typewritten statement admitting he had taken the purse and stating he dropped the wallet into a mailbox after returning the purse. The statement was admitted into evidence.
At the jury instruction conference, defendant tendered an included offense instruction on theft. The trial judge initially agreed to give the instruction, believing "the jury could find [defendant] guilty of theft and not guilty of residential burglary." However, before the end of the conference the court reversed itself when the State presented authority for the proposition theft was not an included offense of burglary. The court refused to tender the theft instruction. The jury convicted defendant of residential burglary. Defendant was sentenced and this appeal followed.

II. ANALYSIS

A. Included Offense Instruction

1. Merits
A defendant generally may not be convicted of an offense with which he has not been charged. People v. Landwer, 166 Ill.2d 475, 485, 211 Ill.Dec. 465, 471, 655 N.E.2d 848, 854 (1995). In some cases a defendant is entitled to have the jury instructed concerning less serious offenses which are included in the charged offense. Landwer, 166 Ill.2d at 485-86, 211 Ill.Dec. at 471, 655 N.E.2d at 854. This practice provides an important option to a jury which, believing a defendant is guilty of something, but uncertain whether the charged greater offense has been proved, might otherwise convict rather than acquit. Landwer, 166 Ill.2d at 486, 211 Ill.Dec. at 471, 655 N.E.2d at 854. Whether an instruction on a lesser offense should have been given is a matter of law, on which we accord no deference to the trial court's decision. Landwer, 166 Ill.2d at 486, 211 Ill.Dec. at 471, 655 N.E.2d at 854.
An "included" offense "[i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense." 720 ILCS 5/2-9(a) (West 1992). In the past, Illinois has used three different approaches to determining whether a particular offense is an included offense of another: (1) the "abstract elements" approach, (2) the "charging instrument" approach, and (3) the "factual" or the "evidence" approach, also known as the "inherent relationship" approach. People v. Novak, 163 Ill.2d 93, 106-07, 205 Ill.Dec. 471, 478-79, 643 N.E.2d 762, 769-70 (1994). Recent supreme court case law has adopted the "charging instrument" approach. Landwer, 166 Ill.2d at 486, 211 Ill.Dec. at 471, 655 N.E.2d at 854; Novak, 163 Ill.2d at 112, 205 Ill.Dec. at 481, 643 N.E.2d at 772.
This approach has two steps. First, the court must look to the charging instrument and determine whether it sets out the "`"main outline,"`" or at least a "`"broad foundation,"`" of the lesser offense. Landwer, 166 Ill.2d at 486, 211 Ill.Dec. at 471, 655 *1193 N.E.2d at 854, quoting Novak, 163 Ill.2d at 107, 205 Ill.Dec. at 479, 643 N.E.2d at 770, quoting People v. Bryant, 113 Ill.2d 497, 505, 101 Ill.Dec. 825, 828, 499 N.E.2d 413, 416 (1986). The lesser crime need not be "a theoretically or practically `necessary' part of the greater crime" (Novak, 163 Ill.2d at 107, 205 Ill.Dec. at 478-79, 643 N.E.2d at 769-70); rather, it suffices for the lesser offense to be "described" by the instrument. Novak, 163 Ill.2d at 107, 205 Ill.Dec. at 479, 643 N.E.2d at 770.
If the court finds the lesser offense meets this first test, it then determines whether the evidence presented at trial would allow a jury to find the defendant guilty of the lesser offense but acquit on the greater. Landwer, 166 Ill.2d at 486, 211 Ill.Dec. at 471, 655 N.E.2d at 854, citing Novak, 163 Ill.2d at 108, 205 Ill.Dec. at 479, 643 N.E.2d at 770. Instruction on the lesser offense is proper only if the jury would have to find a disputed factual element to convict on the greater offense which is not required to convict on the lesser. Novak, 163 Ill.2d at 108, 205 Ill.Dec. at 479, 643 N.E.2d at 770. This evidentiary requirement is usually satisfied by the presentation of conflicting testimony on the element that distinguishes the greater from the lesser offense, but where the testimony is not conflicting, it may be satisfied if the conclusion as to the lesser offense may be fairly inferred from the evidence presented. Novak, 163 Ill.2d at 108, 205 Ill.Dec. at 479, 643 N.E.2d at 770.
Theft was not an included offense of residential burglary in this case. First, our supreme court has explicitly held "[t]heft is not a lesser included offense of burglary." People v. Schmidt, 126 Ill.2d 179, 183-84, 127 Ill.Dec. 816, 818, 533 N.E.2d 898, 900 (1988), citing People v. Baker, 57 Ill.App.3d 401, 405, 14 Ill.Dec. 427, 430, 372 N.E.2d 438, 441 (1978). Second, the charging instrument here did not set out the "main outline" or even a "broad foundation" of a theft. It did not allege a theft had been committed. There are two elements to the crime of theft: a person must knowingly obtain control over the property of another (720 ILCS 5/16-1(a)(1) through (a)(4) (West 1992)), and he must have the intent permanently to deprive the owner of the use or benefit of the property (720 ILCS 5/16-1(a)(4)(A) through (a)(4)(C) (West 1992)). People v. Jones, 149 Ill.2d 288, 296, 172 Ill.Dec. 401, 405, 595 N.E.2d 1071, 1075 (1992).
The indictment here merely alleged the defendant "knowingly without authority entered the dwelling place of [Robert] and Rita Williams with the intent to commit therein a theft." There is no "outline" or "foundation" of theft in this language; theft was not "described." See Novak, 163 Ill.2d at 114, 205 Ill.Dec. at 482, 643 N.E.2d at 773 (aggravated criminal sexual abuse not an included offense of aggravated criminal sexual assault under indictment charging defendant "`was seventeen years of age or over and committed an act of sexual penetration upon [the victim], to wit: contact between [defendant]'s penis and [the victim's] mouth and [the victim] was under thirteen years when the act of sexual penetration was committed'"). Compare Landwer, 166 Ill.2d at 487, 211 Ill.Dec. at 471, 655 N.E.2d at 854 (instruction on solicitation to commit aggravated battery should have been given where indictment alleged defendant "`committed the offense of SOLICITATION OF MURDER FOR HIRE, in that said defendant with the intent that the offense of First Degree Murder, in violation of Illinois Revised Statutes Chapter 38, Section 9-1(a)(1), be committed, procured another, Robert Holguin, to commit that offense pursuant to an agreement whereby Robert Holguin would kill [count I Aric Cherim; count II, James Haliotis], and Charles Landwer would pay Robert Holguin $600.00 United States Currency'"); Bryant, 113 Ill.2d at 505, 101 Ill.Dec. at 828, 499 N.E.2d at 416 (criminal damage to property was an included offense where indictment alleged defendant "`did perform a substantial step toward the commission of [attempt (burglary)] in that he pulled away a screen and broke a window of a building known as Strubes 66, located at 700 Spring Street, Peoria, Illinois, with the intent to enter said building without authority'"); and Jones, 149 Ill.2d at 290-91, 172 Ill.Dec. at 402, 595 N.E.2d at 1072 (theft was an included offense of armed robbery where information alleged "`defendant, while armed with a dangerous weapon, a gun, took *1194 property of Lizzie [sic] Harden, being one 1984 green-gray 2-door Buick-Regal, and property of Barbara Clark, being one beige ladies purse from the person of Barbara Clark, by threatening the imminent use of force'").
People v. Dace, 104 Ill.2d 96, 83 Ill.Dec. 573, 470 N.E.2d 993 (1984), explicitly found error in the refusal to give a tendered included offense instruction on theft when the information charged residential burglary with intent to commit a theft, and the evidence would support a conviction for theft. Dace, 104 Ill.2d at 102-03, 83 Ill.Dec. at 576, 470 N.E.2d at 996. However, we conclude Dace is no longer good law. First, the Schmidt court's holding theft is not an included offense of residential burglary (Schmidt, 126 Ill.2d at 183-84, 127 Ill.Dec. at 818, 533 N.E.2d at 900) calls it into question. Second, Dace did not follow the analysis Landwer and Novak have established is currently the law in Illinois. While Dace rejected the "inherent relationship" test for included offenses (Dace, 104 Ill.2d at 102, 83 Ill.Dec. at 576, 470 N.E.2d at 996), it concluded there was error because the information charged specific intent to commit theft and the evidence would support a conviction. Dace, 104 Ill.2d at 103, 83 Ill.Dec. at 576, 470 N.E.2d at 996. The evidence adduced at trial is irrelevant to the first step in included offense analysis under the "charging instrument" approach, which is concerned solely with the charging instrument. Novak, 163 Ill.2d at 107, 205 Ill.Dec. at 478-79, 643 N.E.2d at 769-70. Only after the court has determined the charging instrument sets out the lesser offense to the requisite degree does it weigh the evidence adduced to determine whether it would support a conviction on the lesser offense and an acquittal on the greater. Novak, 163 Ill.2d at 108, 205 Ill.Dec. at 479, 643 N.E.2d at 770. As Dace fused the two steps, and in light of the Schmidt court's holding theft is not an included offense of burglary (Schmidt, 126 Ill.2d at 184, 127 Ill.Dec. at 818, 533 N.E.2d at 900), we find Dace has been implicitly overruled.
Our holding conflicts with the conclusion recently reached by the first district in People v. Buress, 274 Ill.App.3d 164, 210 Ill.Dec. 646, 653 N.E.2d 841 (1995). The Buress court found theft was an included offense of burglary under an information alleging defendant "`without authority, knowingly entered into a building, to wit: the building of Dollar Buster[,] Inc[.,] with the intent to commit the offense of theft, therein, in violation of Chapter 38, section 19-1-A, of the Illinois Revised Statutes 1989, as amended * * *.'" Buress, 274 Ill.App.3d at 165, 210 Ill.Dec. at 647, 653 N.E.2d at 842.
The issue in Buress, as in this case, was whether theft was an included offense of burglary. The appellate court found it was. Buress, 274 Ill.App.3d at 167, 210 Ill.Dec. at 648, 653 N.E.2d at 843, citing People v. Buress, 259 Ill.App.3d 217, 227, 197 Ill.Dec. 19, 25, 630 N.E.2d 1143, 1149 (1994). This conclusion appears to have been based on Bryant and Dace. See Buress, 274 Ill.App.3d at 166-67, 210 Ill.Dec. at 647-48, 653 N.E.2d at 842-43. As noted, we have concluded Dace is no longer good law, and we do not agree Bryant compels us to hold theft is an included offense of residential burglary with the intent to commit theft. Bryant held criminal damage to property was an included offense under an indictment for attempt (burglary) which alleged defendant "`did perform a substantial step toward the commission of [attempt (burglary)] in that he pulled away a screen and broke a window of a building * * *, with the intent to enter said building without authority.'" Bryant, 113 Ill.2d at 505, 101 Ill.Dec. at 828, 499 N.E.2d at 416. While this instrument certainly sets out the outline of criminal damage to property, it bears little resemblance to the indictment in this case, which only alleges entry "with the intent to commit therein a theft." No facts relating to the theft were alleged; a theft was not alleged. Accordingly, defendant has failed to pass the first of the "charging instrument" tests, and we need notindeed, we may notconsider the evidence in the case.

2. Waiver
Defendant's argument is well thought out albeit in the end unconvincing. We are able to resist his efforts to persuade, because *1195 defendant waived his argument by failing to make it in front of the trial court. As an appellate court, we have the luxury of time to research and ponder delicate questions of law. We have clerks to aid us. We also have the benefit of hindsight. Not so the trial courts. Often they are obliged to rely upon the authority cited by counsel in making their rulings, as in this case. We will not impute error to a trial court for failure to consider a theory not fairly presented. The trial court does not have a duty to consider all possible theories; rather, its task is to rule on the basis of the theories presented. Salcik v. Tassone, 236 Ill.App.3d 548, 555, 177 Ill.Dec. 723, 728, 603 N.E.2d 793, 798 (1992).
In the context of evidentiary rulings it is firmly established objections on specific grounds waive all other grounds. People v. Barrios, 114 Ill.2d 265, 275, 102 Ill.Dec. 522, 526, 500 N.E.2d 415, 419 (1986); Zook v. Norfolk & Western Ry. Co., 268 Ill.App.3d 157, 164, 205 Ill.Dec. 231, 237, 642 N.E.2d 1348, 1354 (1994); M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 103.2, at 8 (6th ed. 1994). A proponent preserves for appellate consideration only those theories proposed at the time of trial. Salcik, 236 Ill.App.3d at 555, 177 Ill.Dec. at 728, 603 N.E.2d at 798; M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 103.7, at 25 (6th ed. 1994).
The same rule applies in the context of jury instructions. The following is the sum total of defendant's argument in support of the instruction at trial: "The way they define residential burglary, the only two issues are whether or not there was an intent to commit a theft and whether or not there was authority to enter, and if, and if authority to enter is an issue, then an instruction concerning theft should be given." Defendant cited no cases, no authority for its position. This court, on the other hand, was presented with a 30-page brief, of which over seven pages were devoted solely to argument on the question of whether the instruction should have been given. It is true, the trial court initially ruled it would give the instruction. But when the prosecutor cited Schmidt, defendant presented no counterargument at all. He neither presented a cogent theory nor cited any evidence to support giving the instruction. If defendant believed a particular instruction should have been given, he was obligated to explain his theory of the case to the trial court and cite the evidence that supported the theory. It is up to the parties to make their arguments, and they must live with the arguments they make at trial.
Defendant's post-trial motion also failed to preserve the error for review. Supreme Court Rule 366(b)(2)(iii) provides a party may not raise on appeal any "point, ground, or relief" not specified in a post-trial motion after a jury trial. 155 Ill.2d R. 366(b)(2)(iii). With respect to the issue of jury instructions, defendant's post-trial motion simply alleges the court "erred in refusing the Defendant's jury instruction numbers one (IPI 26.01Q), two (IPI 13.01), and three (IPI 13.02)." This does not articulate defendant's position and is insufficient to preserve the issue for review. Thacker v. UNR Industries, Inc., 151 Ill.2d 343, 353, 177 Ill.Dec. 379, 384, 603 N.E.2d 449, 454 (1992); Brown v. Decatur Memorial Hospital, 83 Ill.2d 344, 348-49, 47 Ill.Dec. 332, 334, 415 N.E.2d 337, 339 (1980).

B. Failure to Establish Guilt Beyond a Reasonable Doubt
Defendant next argues the State did not prove his guilt beyond a reasonable doubt. The question for this court is whether any rational trier of fact could have found defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the prosecution. People v. Campbell, 146 Ill.2d 363, 374, 166 Ill.Dec. 932, 937, 586 N.E.2d 1261, 1266 (1992). Circumstantial evidence alone may suffice to convict. Campbell, 146 Ill.2d at 379, 166 Ill.Dec. at 939, 586 N.E.2d at 1268. In order to sustain a residential burglary conviction, the State must prove "the defendant possessed the intent to commit a theft at the time of his unauthorized entry into the victim's dwelling." People v. Jackson, 181 Ill.App.3d 1048, 1051, 130 Ill.Dec. 725, 728, 537 N.E.2d 1054, 1057 (1989). In determining whether the evidence is sufficient to permit the inference of intent, *1196 the relevant circumstances include "the time, place and manner of entry into the premises, the defendant's activity within the premises, and any alternative explanations offered for his presence." People v. Richardson, 104 Ill.2d 8, 13, 83 Ill.Dec. 604, 607, 470 N.E.2d 1024, 1027 (1984).
Defendant argues the State did not prove his guilt beyond a reasonable doubt because he (1) arrived at the Williams home at 8:30 a.m., i.e., during daylight hours; and (2) provided a plausible sounding explanation of his presence (viz, Rita "owe[d him] money"). The jury was free to disbelieve the defendant's explanations. See People v. Hopkins, 229 Ill.App.3d 665, 672, 171 Ill.Dec. 208, 212, 593 N.E.2d 1028, 1032 (1992). Determinations of intent are best left to the trier of fact and will not be disturbed on review unless the evidence is so improbable there is a reasonable doubt of the defendant's guilt. People v. Ybarra, 272 Ill.App.3d 1008, 1011, 209 Ill.Dec. 490, 493, 651 N.E.2d 668, 671 (1995). Defendant has not met his burden here.

C. Statutory Mitigating Factors
Defendant last argues the trial court "disregarded" mitigating factors enumerated in sections 5-5-3.1(a)(1) and (a)(2) of the Unified Code of Corrections (730 ILCS 5/5-5-3.1(a)(1), (a)(2) (West 1992)). Those sections require the court in sentencing to accord weight to a finding defendant's criminal conduct "neither caused nor threatened serious physical harm to another" (730 ILCS 5/5-5-3.1(a)(1) (West 1992)); or defendant "did not contemplate that his criminal conduct would cause or threaten serious physical harm to another" (730 ILCS 5/5-5-3.1(a)(2) (West 1992)).
At sentencing, the trial court found defendant "did not inflict serious bodily injury on [Robert]." However, it found his conduct "did threaten serious physical harm to [Robert] and to members of his family, and [defendant] contemplated that his conduct would threaten serious physical harm to them." (Emphasis added.) It is clear the court considered the mitigating factors, as evidenced by its discussion of them. It did not arrive at the factual conclusions the defendant would have preferred. However, a trial court's findings in sentencing are within its discretion, and absent an abuse thereof, we will not disturb the result on appeal. See People v. Hudson, 157 Ill.2d 401, 452, 193 Ill.Dec. 128, 150, 626 N.E.2d 161, 183 (1993).
Defendant argues the court abused its discretion by rejecting his argument there was no threat of serious physical harm. However, this court has approved rejection of this mitigating factor where a defendant attempts to enter a residence he knows to be occupied, not only because of the danger to the victims but also because of the risk of the victims' reactions. People v. Cisco, 202 Ill.App.3d 633, 636, 148 Ill.Dec. 117, 119, 560 N.E.2d 419, 421 (1990). A threat of confrontationand therefore violence and harmis always present when an unauthorized entry is made in an occupied building. Defendant knew the residence was occupied, as there was uncontroverted evidence a child let him in. The trial court did not abuse its discretion in finding the mitigating factors inapplicable.

III. CONCLUSION
For the reasons above stated, we affirm the trial court in all respects.
Affirmed.
STEIGMANN, J., concurs.
COOK, P.J., dissents.
Presiding Justice COOK, dissenting:
The majority decision is contrary to the supreme court's recent decision in Novak. I respectfully dissent and would reverse for a new trial so that the jury could be instructed on theft as a lesser included offense of residential burglary.
The majority correctly notes that in Dace, the supreme court found that the trial court should have given a tendered instruction on theft where (1) the information charged the specific intent to commit theft, and (2) the offense of theft was proved by the evidence adduced at trial. Dace, 104 Ill.2d at 102-03, 83 Ill.Dec. at 576, 470 N.E.2d at 996. The majority then suggests that Dace was wrongly *1197 decided because it impermissibly "fused the two steps" of the charging instrument approach adopted by Novak. Op. at 306 of 219 Ill.Dec., at 1194 of 670 N.E.2d. I disagree. Although Dace did not refer to the charging instrument approach by name, it nevertheless applied the same two-step analysis of the charging instrument approach. That Dace applied the charging instrument approach is not surprising; Novak stated that the charging instrument approach was a rule whose lineage could be traced back to Earll v. People, 73 Ill. 329, 332-33 (1874). Novak, 163 Ill.2d at 112, 205 Ill.Dec. at 481, 643 N.E.2d at 772.
Subsequent to Dace, but prior to Novak, the supreme court declared that theft is not a lesser included offense of burglary. Schmidt, 126 Ill.2d at 184, 127 Ill.Dec. at 818, 533 N.E.2d at 900. The Schmidt court provided no rationale for its departure from Dace. Indeed, the court suggested that there was no inconsistency between the two decisions. The Schmidt court wrote:
"In concluding that where an accused is charged with a single offense he cannot be found guilty of an offense not charged unless it is a lesser included offense, we are not unaware of [Dace]. We would observe that in Dace the fundamental question just stated was not presented to or considered by the court." Schmidt, 126 Ill.2d at 184-85, 127 Ill.Dec. at 819, 533 N.E.2d at 901.
Recognizing, however, that Dace and Schmidt are fundamentally incompatible, this court held that Schmidt implicitly overruled Dace. People v. Johnson, 206 Ill.App.3d 318, 320-21, 151 Ill.Dec. 255, 257, 564 N.E.2d 232, 234 (1990). Likewise, in People v. Buress, 259 Ill.App.3d 217, 197 Ill.Dec. 19, 630 N.E.2d 1143 (1994) (Buress I), the first district concluded that Dace was no longer good law after Schmidt. Accordingly, the Buress I court concluded that a defendant charged with burglary is not entitled to a theft instruction. Buress I, 259 Ill.App.3d at 228-29, 197 Ill.Dec. at 26, 630 N.E.2d at 1150.
As noted above, the Schmidt court provided no analysis of the relationship between burglary and theft. The court merely cited People v. Baker, 57 Ill.App.3d 401, 14 Ill.Dec. 427, 372 N.E.2d 438 (1978), for the proposition that theft was not a lesser included offense. Schmidt, 126 Ill.2d at 183-84, 127 Ill.Dec. at 818, 533 N.E.2d at 900. Baker reasoned that theft was not an included offense of burglary because "each offense has elements not included in the other offense," i.e., burglary requires an entry into a building and theft requires the taking of property. Baker, 57 Ill.App.3d at 405, 14 Ill.Dec. at 430, 372 N.E.2d at 441. Baker applied the "abstract elements approach," which "requires only a textual comparison of criminal statutes" to determine whether one offense is included in another. Novak, 163 Ill.2d at 110-11, 205 Ill.Dec. at 480, 643 N.E.2d at 771. Novak expressly rejected the harsh and mechanical abstract element approach for the more flexible charging element approach. Novak, 163 Ill.2d at 111-12, 205 Ill.Dec. at 481, 643 N.E.2d at 772. Schmidt therefore belongs to a lineage that was disavowed by Novak.
The supreme court ordered the first district to reconsider Buress I in light of Novak. People v. Buress, 158 Ill.2d 555, 205 Ill.Dec. 548, 643 N.E.2d 839 (1994) (supervisory order). On remand, the first district applied the charging-instrument approach to conclude that theft was a lesser included offense of burglary where the information alleged that the defendant had the specific intent to commit theft, and the State's evidence established that defendant committed theft. Buress, 274 Ill.App.3d at 167, 210 Ill.Dec. at 648, 653 N.E.2d at 843 (Buress II). I would follow Buress II. Here, as in Buress, the charging instrument alleges that defendant entered a dwelling "with the intent to commit therein a theft." Theft is named in the indictment. The majority concludes that the indictment does not set forth the "main outline" or "broad foundation" of theft because a statutory element of theft is not described, i.e., the indictment does not allege that defendant knowingly obtained control over the property of another. Op. at 305 of 219 Ill. Dec., at 1193 of 670 N.E.2d. The majority thus focuses on the abstract statutory elements. However, the mere fact that the indictment fails to allege that defendant obtained control over another's property (a necessary *1198 element of theft) is not determinative. "The charging instrument approach does not require the lesser crime to be a theoretically or practically `necessary' part of the greater crime." Novak, 163 Ill.2d at 107, 205 Ill.Dec. at 478-79, 643 N.E.2d at 769-70. By alleging that defendant had the intent to commit a theft, the indictment necessarily alleges that defendant intended to deprive another of property, and this intent may ordinarily be inferred only through an actual taking of property. Thus, the charging instrument contains the "broad outline" of theft.
In the garden-variety burglary case, e.g., where defendant forms the intent to enter a house and steal a television set, and does so, theft is not a lesser included offense of burglary. That is because, in that situation, a jury could not rationally find the defendant guilty of the lesser included offense and acquit him of the greater offense. If he is guilty of one, he is guilty of both. Novak, 163 Ill.2d at 107, 205 Ill.Dec. at 479, 643 N.E.2d at 770; Buress II, 274 Ill.App.3d at 166, 210 Ill.Dec. at 647, 653 N.E.2d at 842. The present case is different.
The evidence adduced at trial supports the giving of a theft instruction. A jury could conclude that defendant came to the Williams' dwelling to collect a debt, knocked on the door, was allowed inside by a six-year-old child, and while he was waiting for an adult, saw a purse and decided to take it. As is often the case in burglary trials, the State presented no direct evidence that defendant possessed the intent to commit a theft at the moment of entry. Instead, the State presented circumstantial evidence of the requisite intent by establishing that defendant committed a theft once inside. Where there is overwhelming evidence that a defendant committed a theft, but there exists a real question whether the defendant committed burglary (whether the defendant entered with the requisite intent), the failure to give a tendered theft instruction may seriously prejudice the defendant. The jury, faced with the dilemma of letting a thief go free or convicting him of a questionable burglary, may choose to convict.
I also disagree with the majority's finding of waiver. The State never raised the issue of waiver, at trial or on appeal. The issue of waiver itself can be waived. See, e.g., People v. Banks, 243 Ill.App.3d 525, 530, 183 Ill.Dec. 622, 626, 611 N.E.2d 1270, 1274 (1993). Defendant raised the issue whether theft was a lesser included offense, both during the instruction conference and in a post-trial motion, albeit with little argument. Defendant can hardly be faulted for failing to cite authority in opposition to Schmidt. The most pertinent cases supporting defendant's position (Novak, Buress II, and Landwer) were all decided after defendant's trial.