THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM BURESS, Defendant-Appellant.

First District (2nd Division)   No. 1—92—3062

Opinion filed July 11, 1995.

Rita A. Fry, Public Defender, of Chicago (Todd Avery Shanker, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Linda Woloshin, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE SCARIANO delivered the opinion of the court:

This case comes before us for the second time. On February 22, 1994, in a published opinion, we affirmed defendant's conviction and sentence. (*People v. Buress* (1994), 259 Ill. App. 3d 217, 630 N.E.2d 1143 (*Buress I*).) The supreme court subsequently issued a supervisory order remanding the case to us for reconsideration in light of its recent decision, *People v. Novak* (1994), 163 Ill. 2d 93, 643 N.E.2d 762, which provides the analytical framework for determining whether the jury should be instructed on a lesser included offense.

While we reexamine the lesser-included-instruction issue at the direction of the supreme court, we readopt our earlier opinion in all other respects. The facts will be reiterated only insofar as is necessary to our discussion.

Defendant was arrested in an alley behind a DollarBuster, Inc., store after it had been broken into. When he was found by a police officer, he was collecting coins strewn about the alley and placing them in his pockets; the store's cash register was found in a nearby dumpster. Defendant was subsequently charged by information with burglary. Specifically, the information charged that defendant:

> "without authority, knowingly entered into a building, to wit: the building of Dollar Buster Inc [*sic*] with the intent to commit the offense of theft, therein, in violation of Chapter 38, section 19—1—A, of the Illinois Revised Statutes 1989, as amended ***."

At trial, the court refused to provide the jury with verdict forms for the lesser offense of theft. Defendant argued on appeal, *inter alia*, that theft was a lesser included offense of burglary and that he was therefore entitled to an instruction on that offense. See Ill. Rev. Stat. 1991, ch. 38, par. 19—1(a) (now codified at 720 ILCS 5/19—1(a) (West 1992)); Ill. Rev. Stat. 1991, ch. 38, par. 16—1(a) (now codified at 720 ILCS 5/16—1(a) (West 1992)).

●1 We discussed a number of sometimes conflicting supreme court decisions addressing the circumstances under which an offense could be considered a lesser offense than the one charged. As explained in *Novak*, there are three possible approaches to this issue. In utilizing

the abstract elements approach, "the abstract statutory elements of the greater offense are compared with those of the lesser offense. 'If all of the elements of the lesser offense are included within the greater and the lesser does not have any element not included in the greater, the lesser is deemed to be a lesser included offense.' " *Novak*, 163 Ill. 2d at 106, 643 N.E.2d at 769, quoting *People v. Wys* (1982), 103 Ill. App. 3d 273, 275-76, 431 N.E.2d 38, 40.

The inherent relationship approach examines whether the evidence adduced at trial establishes the lesser offense and whether the greater and lesser offense "relate to the protection of the same interests." The relationship between the two offenses must be such "that in the general nature of those crimes, proof of the lesser offense is necessarily, though not invariably, presented as part of the showing of the commission of the greater offense." *Novak*, 163 Ill. 2d at 107, 643 N.E.2d at 770.

Finally, the charging instrument approach examines whether the charging instrument describes the lesser offense, the relationship between the greater and lesser offenses being based on the extent to which the charging instrument describes the lesser. The lesser offense need not be a theoretically or practically necessary part of the greater offense. (*Novak*, 163 Ill. 2d at 107, 643 N.E.2d at 769-70.) The instrument charging the greater offense must contain the " 'broad foundation' " or " 'main outline' " of the lesser offense. *Novak*, 163 Ill. 2d at 107, 643 N.E.2d at 770, quoting *People v. Bryant* (1986), 113 Ill. 2d 497, 505, 499 N.E.2d 413, 416.

The *Novak* court expressly adopted the charging instrument approach and rejected the two other approaches. A defendant who meets the requirements of the charging instrument approach, however, is not automatically entitled to an instruction on the lesser offense. (*Novak*, 163 Ill. 2d at 107-08, 643 N.E.2d at 770.) Once the court determines that the charging instrument adequately describes the lesser offense, the second step in the analysis requires a finding that the evidence "would permit a jury rationally to find the defendant guilty of the lesser included offense and acquit him or her of the greater offense." *Novak*, 163 Ill. 2d at 108, 643 N.E.2d at 770.

In *Buress I*, we concluded that under the supreme court's analysis in *People v. Bryant* (1986), 113 Ill. 2d 497, 499 N.E.2d 413, and *People v. Dace* (1984), 104 Ill. 2d 96, 470 N.E.2d 993, defendant would have been entitled to an instruction on theft. *Bryant* and *Dace* looked to the charging instrument and the evidence adduced at trial in determining whether an instruction on a lesser offense was war-

ranted. In *Buress I*, however, we noted that in *People v. Jones* (1992), 149 Ill. 2d 288, 595 N.E.2d 1071, the supreme court "followed the traditional analysis," or abstract elements approach, in determining whether theft was a lesser included offense of armed robbery.[1] See Ill. Rev. Stat. 1991, ch. 38, par. 2—9(a) (now codified at 720 ILCS 5/2—9(a) (West 1992)) (defining an included offense as "an offense which *** [i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged").

Based upon our reading of *Jones*, the most recent supreme court case on the issue at the time, we concluded that theft could not be a lesser included offense of burglary because "unlike that offense which requires only the intent to commit a theft or other felony, the crime of theft is not complete until the perpetrator actually obtains or exerts unauthorized control over the property of another." (*Buress I*, 259 Ill. App. 3d at 228, 630 N.E.2d at 1150.) As noted above, the supreme court in *Novak* rejected this approach and adopted the charging instrument approach.

■ Accordingly, we are now constrained to hold that the trial court erred in refusing to instruct the jury on the lesser offense of theft. Under the charging instrument approach, he was entitled to such an instruction. As we stated in our earlier opinion, "the information alleged that defendant knowingly entered the premises of another without authorization and with the specific intent to commit a theft inside" and "the State's evidence established the crime of theft in that it proved what it alleged in its information: that defendant 'exert[ed] unauthorized control over the property of its owner,' [citation] namely, the coins and currency owned by DollarBuster, Inc.; and, by his admission that he put the money in his pockets, the evidence showed that he concealed it with knowledge that he would probably permanently deprive its rightful owner of the money." *Buress*, 259 Ill. App. 3d at 227, 630 N.E.2d at 1149.

We recognize the significance of an instruction on a lesser offense in cases where the jury may convict the defendant of the greater offense because, even though all elements of the greater offense have not been proven, the jury believes that the defendant is guilty of some crime. We are also cognizant of the importance to society that the punishment criminals receive is commensurate with the offense.

---

[1]Justice Nickels, dissenting in *Novak*, reads *Jones* as applying the charging instrument test. *Novak*, 163 Ill. 2d at 121-22, 643 N.E.2d at 776 (Nickels, J., dissenting).

(*Novak*, 163 Ill. 2d at 105, 643 N.E.2d at 769.) Therefore, we must now reverse and remand for a new trial.

Reversed and remanded.

DiVITO and McCORMICK, JJ., concur.