THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS CHANDLER, Defendant-Appellant.

First District (2nd Division)   No. 1—93—1993

Opinion filed February 20, 1996.

State Appellate Defender's Office and David S. Morris, both of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Timothy Felgenhauer, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Following a jury trial, defendant Thomas Chandler was charged with and convicted of burglary, on the basis of accountability, and was sentenced to four years in prison. Ill. Rev. Stat. 1991, ch. 38, par. 19—1(a) (now 720 ILCS 5/19—1(a) (West 1992)). On appeal, defendant contends the circuit court erred in refusing to instruct the jury on the charge of theft. Codefendant Alvin Austin, who pleaded guilty to charges relating to the burglary, did not participate in this appeal.

On December 13, 1991, several boxes of oranges, which had been placed in the storage room of a church in Chicago Heights, Illinois, were stolen.

Tommy Woodard, chairman of the church board of elders, testified that he paid $20 to three men, one of whom he identified as defendant, to help him unload boxes of oranges from a truck that arrived at the church on December 13, 1991. The following day, Woodard observed that the storage room had been broken into and that 15 boxes of the fruit were missing. Woodard noticed that a window to the room was broken and the glass and wood around the window were stained with blood. He told police that the church was locked when he left it and that he had not given anyone permission to remove the boxes of fruit. The next evening, at the police station, Woodard identified six boxes of fruit, which had blood on them.

Rami Haddad, the owner of a supermarket located across the street from the church, testified that he had purchased five boxes of oranges from defendant and codefendant and an unidentified third man, who came into his store at 7 p.m. on December 13, 1991. Codefendant was bleeding heavily from a cut on his hand and Haddad gave him a bandage. When police questioned Haddad the next day, he identified defendant and codefendant as the sellers of the fruit.

Several days later, defendant told Chicago Heights Detective Robert Pinnow that codefendant and he met in front of the supermarket on December 13, 1991. Defendant asked codefendant if he wanted to break into the church with him to get the oranges they had unloaded at the church earlier that day. Defendant, codefendant and a third man, known to defendant as Willy, went across the street to the church. Defendant walked over to a set of burglar gates which he raised so that codefendant and Willy could get under them. Codefendant then broke a church window with a rock and Willy boosted codefendant up through the window. Willy and defendant went to the front north door of the church. Codefendant opened the door and handed defendant two boxes of oranges. Willy and codefendant also carried boxes of oranges as they left the area. The three men walked behind the church and down an alley and hid the boxes in a field. Defendant and codefendant then went to the supermarket and negotiated the sale of the fruit to Haddad. For his efforts, defendant received $5. Defendant refused to sign a written statement.[1]

Codefendant testified that he removed six or seven orange boxes from the church by himself, stored them in the alley, went to the supermarket and the owner agreed to buy some oranges. Defendant and another man accompanied codefendant back to the alley and helped him carry the boxes of oranges to the supermarket. Codefendant claimed that he had been beaten by police after he was arrested and was forced to sign a statement implicating defendant.

On cross-examination, codefendant admitted that he did not report the beating to the judge during the entry of his guilty plea nor did he ever divulge the beating to any judge despite being in a courtroom five times in the preceding six months. On rebuttal, Detective Pinnow denied that codefendant was physically abused or otherwise forced to give a statement. Photographs of codefendant, taken on the day he was in custody, were admitted into evidence and revealed that codefendant exhibited no signs of physical abuse.

At the instructions conference, accountability instructions relating to burglary were to be given, without objection. Defense counsel asked that the jurors be given an instruction for theft based on codefendant's testimony. The circuit court refused on the ground that defendant was not entitled to a lesser included instruction on theft because the alleged theft was committed after the burglary and, therefore, was a separate crime.

---

[1]Detective Pinnow's testimony concerning defendant's confession was properly received into evidence although defendant did not sign a written statement. See *People v. Patterson*, 154 Ill. 2d 414, 610 N.E.2d 16 (1992).

Defendant's sole argument on appeal is that the circuit court erred in refusing to give his proffered instruction on theft. Defendant acknowledges that he was not charged with theft and cannot be convicted of an uncharged offense unless it is considered a lesser included crime of the charged offense. The State argues that the theft committed here was separate from the burglary offense and, therefore, defendant is not entitled to a lesser included offense instruction. Both parties cite *People v. Novak*, 163 Ill. 2d 93, 643 N.E.2d 762 (1994) (*Novak*), to support their positions.

The supreme court in *Novak* described three approaches courts currently utilize to determine whether one crime is a lesser included offense of another, and concluded that the "charging instruments" approach best serves the purposes of the lesser included offense doctrine, and "results in a broader range of possible lesser included offenses, based on the allegations in the charging instrument." 163 Ill. 2d at 113.

■ An offender may not be convicted of an offense for which he has not been charged. *Novak*, 163 Ill. 2d at 105. A defendant is entitled to have the jury instructed concerning less serious offenses that are included in the charged offense. *People v. Bryant*, 113 Ill. 2d 497, 502, 499 N.E.2d 413 (1986). In order to determine whether a particular offense is included in a charged offense, a court must examine the charging instrument and the evidence presented at trial. *Novak*, 163 Ill. 2d at 108-14. First, a court must determine whether the charging instrument contains a "broad foundation" or "main outline" of the lesser offense. *People v. Landwer*, 166 Ill. 2d 475, 486, 655 N.E.2d 848 (1995) (*Landwer*). The identification of an offense as a lesser included offense does not automatically give rise to a correlative right to have the jury instructed on the lesser offense. *Novak*, 163 Ill. 2d at 108, citing *People v. Wys*, 103 Ill. App. 3d 273, 277, 431 N.E.2d 38 (1982). Second, a court must examine the evidence presented at trial to determine whether a jury rationally could find defendant guilty of the lesser offense, but acquit him or her on the greater offense. *Landwer*, 166 Ill. 2d at 486.

■ A lesser included offense instruction is not proper where the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses. *Novak*, 163 Ill. 2d at 108. A lesser included offense instruction is proper only where the charged greater offense requires the jury to find a disputed factual element that is not required for conviction of the lesser included offense. *Novak*, 163 Ill. 2d at 108, citing *Sansone v. United States*, 380 U.S. 343, 349-50, 13 L. Ed. 2d 882, 888, 85 S. Ct. 1004, 1009 (1965).

Recently, in *People v. Buress*, 274 Ill. App. 3d 164, 167, 653 N.E.2d

841 (1995) (*Buress*), this court held that defendant was entitled to an instruction on theft under the charging instrument approach. In *Buress*, the charging instrument stated that defendant, "without authority, knowingly entered into a building *** with the intent to commit the *offense of theft*." (Emphasis added.) 274 Ill. App. 3d at 165. In the case *sub judice*, the charging instrument stated: "defendant and codefendant committed the *offense of burglary* in that they, without authority, knowingly entered a building *** with the intent to commit the *offense of theft* therein." (Emphasis added.)[2]

In *Buress* we held that defendant was entitled to a lesser included offense instruction because the State's evidence established the crime of theft in having proved that defendant " 'exerted unauthorized control over the property of its owner,' *** and by his admission that he put the money in his pockets, the evidence showed that he concealed it with knowledge that he would probably permanently deprive its rightful owner of the money." 274 Ill. App. 3d at 167. In *Buress*, the police found defendant in an alley behind a business, "collecting coins strewn about the alley and placing them in his pockets; the store's cash register was found in a nearby dumpster." 274 Ill. App. 3d at 165. The fact that the *Buress* court held defendant should have had an instruction on theft does not mean that every defendant charged with burglary must also have an instruction on theft. *Novak* did not establish a *per se* rule, rather, an analysis that must be applied in each case. The second step of that analysis requires a court to look at the evidence and determine whether a jury rationally could find defendant guilty of the lesser offense, but acquit on the greater offense. *Novak*, 163 Ill. 2d at 108. Unlike *Buress*, defendant in the present case cannot contend he committed a lesser included offense because codefendant's testimony is that defendant's involvement originated and occurred entirely after the burglary offense was completed. This is a separate offense, not a lesser included offense.

Defendant contends he was entitled to a theft instruction because his version of the events limited his involvement to taking the boxes of fruit from an alley after codefendant removed them from the church, and he only helped carry the fruit to a store after the burglary was completed. Defense counsel argued to the circuit court, "there is also evidence that he [defendant] aided only in the disposing of the proceeds of a *burglary that was committed* without his knowledge *and was entirely completed* before he had anything to do with the proceeds." (Emphasis added.) Even if defendant's present

---

[2]The jury was instructed as to burglary, following an instruction concerning accountability.

version of the facts were to have been accepted, his argument to the circuit court illustrates a crucial difference between *Buress* and the instant case. The instruction sought by defendant is directed solely at a separate offense committed at a separate time. Although defendant in *Buress* was entitled to an instruction on the lesser included offense of theft, the evidence there could have supported a jury finding of guilty on the lesser offense and an acquittal on the greater offense. 274 Ill. App. 3d at 167.

■ In the case *sub judice*, the circuit court properly denied the proffered instruction on the lesser included offense because the evidence, as postulated by the circuit judge, would show that, "he is either guilty of the burglary or he is not guilty of the burglary and [the] trier of fact will make that determination." The supreme court recently stated in *Landwer*:

"We do not agree that a defendant is entitled to raise as a defense to one charged transaction that he or she committed some separate uncharged transaction, occurring on different days and involving different participants.

\* \* \*

\*\*\* If the dissent is suggesting that the procurement took place at some other time or involved some other participants, then that procurement is for a separate crime. Such does not meet the definition of an included offense because the indictment does not present any outline or foundation for that crime." 166 Ill. 2d at 490-92.

Defendant was not entitled to an instruction on the lesser included offense where, as here, the evidence showed that the claimed lesser included offense was actually a separate crime committed after the greater offense was completed.

For the reasons aforesaid, the conviction and sentence must be affirmed.

Affirmed.

SCARIANO and DiVITO, JJ., concur.