THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE TROTTER, Defendant-Appellant.

First District (3rd Division)   No. 1—97—1848

Opinion filed September 30, 1998.—Rehearing denied October 30, 1998.

Marc W. Martin, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, James S. Beligratis, and John Creagh, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:
After a jury trial, defendant Willie Trotter was convicted of first degree murder and sentenced to 36 years in prison. On appeal defendant argues: (1) that the trial court erred by refusing to instruct the jury on battery as a lesser included offense of murder; and (2) defendant's counsel was ineffective because he did not tender jury instructions on withdrawal from the crime. We affirm.

The evidence at trial established the following. At about 8:15 p.m. on August 25, 1995, gunshots were heard near Percy Julian Junior High School in Oak Park, Illinois. Shortly after, Marcus Mance, Kevin Wilson and Lonnie Mance got off a bus near the school. A crowd of people began chasing them. Witness estimates of the number of people in the crowd ranged from 15 to 50. Kevin Wilson testified that he broke away and ran to a friend's house.

Martin Johnson testified that he saw the group chase Marcus and Lonnie Mance on Madison Street. Johnson identified defendant as one of the people in the group. The group caught up with Marcus and Lonnie at a gas station at Howard and Madison Streets. Martin saw defendant hit Marcus in the face. Marcus then ran across the street toward a police station. The crowd followed. The crowd then split in two. One group of about 10 chased Lonnie down a ramp that led to the police station. The other group encircled Marcus on the ramp. That group beat Marcus with their fists and legs for three or four minutes. Martin testified that defendant was a part of this group.

Lonnie Mance testified that he, too, saw defendant hit Marcus at the gas station. Lonnie testified that he was chased and was beaten. He lost consciousness near the police station. When he regained consciousness, he went into the police station and told someone at the front desk what happened. He and Marcus were taken to the hospital. Marcus died on September 11, 1995.

Defendant testified. He said that he and several others were playing basketball on the second floor at Percy Julian Junior High School in Oak Park on August 25, 1995. They heard gunshots fired from the street. The group then went outside and gathered on the school parking lot. Defendant soon left the school with several others.

Defendant denied that he was originally part of the group chasing Marcus or that he continued to chase Marcus from the gas station to the police station. He testified that he was on Madison Street when he saw a crowd of about 50 chasing Marcus. Defendant crossed the street and caught up with Marcus. Defendant told Marcus to stop, asked him why he was running, and hit him in the face. Marcus swung back, but missed. Marcus then ran across the street. Defendant testified that he left the gas station, crossed Madison Street and walked back toward the school. Two other defense witnesses testified that they were with defendant and that defendant did not chase Marcus to the police station with the others.

At the jury instructions conference, defendant asked that the jury be instructed on battery as a lesser included offense of murder. The trial court denied defendant's motion.

The jury found defendant guilty of first degree murder. Defendant's subsequent motion for a new trial was denied.

We first address defendant's argument that he was entitled to a lesser included offense instruction. Defendant contends that the trial court erred by finding that battery is not a lesser included offense of murder.

■ A lesser included offense is one that is established by proof of the same or less than all of the facts needed to establish the offense charged. See *People v. Novak*, 163 Ill. 2d 93, 105-06, 643 N.E.2d 762 (1994). We must look to the "charging instrument" to determine when one crime is a lesser included offense of another. See *Novak*, 163 Ill. 2d 93, 643 N.E.2d 762. Under the "charging instruments" approach, an offense is a lesser included offense if it is described in the charging instrument. *Novak*, 163 Ill. 2d at 107.

The trial court ruled that "battery is not an included offense" of first degree murder. We agree with defendant that this finding is error. See *People v. Balls*, 95 Ill. App. 3d 70, 74-75, 419 N.E.2d 571 (1981). The charging instrument outlined one incident where defendant and two others "punched, kicked and killed Marcus Mance." But the trial court's finding was harmless error. As defendant acknowledges, identifying a lesser included offense in the abstract does not resolve the separate issue of whether defendant is entitled to an instruction on it in a specific case. See *People v. Sanders*, 127 Ill. App. 3d 471, 478, 469 N.E.2d 287 (1984).

■ In *Novak*, our supreme court held:

"A defendant is entitled to a lesser included offense instruction only if the evidence would permit a jury rationally to find the defendant guilty of the lesser included offense and acquit him or her of the greater offense. [Citation.] A lesser included offense instruc-

tion is not proper where, on the evidence presented at trial, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses. A lesser included offense instruction is proper only where the charged greater offense requires the jury to find a disputed factual element that is not required for conviction of the lesser included offense. [Citations.]" *Novak*, 163 Ill. 2d at 108.

In *Balls*, we held that "[a]lthough battery and aggravated battery may be included offenses of murder," a defendant is not entitled to a lesser included offense instruction where "the evidence would not support a finding of not guilty on the murder charge but guilty on the included offense of aggravated battery." *Balls*, 95 Ill. App. 3d at 74-75.

■ The fact question that defendant argues entitles him to a battery instruction is whether defendant crossed the street after striking the victim and joined the mob in beating the victim near the police station. The parties disagree about the inference that should be drawn from defendant's testimony. Defendant argues that the jury could infer, if it believed him, that the incident at the gas station and the incident at the police station were not related, but happened at different places and different times, with defendant involved in the first incident, but not the second. If the jury decided from defendant's testimony that there were two separate incidents, it could find that he was guilty of battery, but not murder.

The State argues that the brief time and distance between defendant's battery of Marcus at the gas station and the fatal beating across the street were so negligible that the two incidents are inextricably linked and part of the same criminal transaction. The State argues that even if the jury were to believe that defendant only struck the victim at the gas station, then left, defendant was still accountable for the victim's death because the evidence shows he set in motion a group beating that began at the gas station and ended at the police station. A jury could have so found, but that does not mean the defendant is barred from arguing an alternative theory.

We agree with defendant that the jury could infer, based on defendant's testimony, that there were two separate offenses and that, if defendant was only involved in the first, he must be acquitted of murder. But a finding that there were two separate crimes makes the earlier battery a *separate* offense, not an included one. Defendant was not charged with battery at the gas station.

*People v. Chandler*, 278 Ill. App. 3d 212, 217, 662 N.E.2d 508 (1995), and *People v. Rivera*, 262 Ill. App. 3d 16, 634 N.E.2d 347 (1994), are instructive. In *Rivera*, the defendant was charged with aggravated arson. He testified that he poured gasoline on a garage, which did not

burn, while his codefendant started a fire elsewhere. The trial court rejected defendant's request for a lesser included offense instruction on criminal damage to property. The proposed instruction was based on "conduct which is separate and distinct from that with which he was charged." *Rivera*, 262 Ill. App. 3d at 24.

In *Chandler*, the defendant was charged with burglary. He was accused of breaking into a church and stealing boxes of fruit. The defendant told the police that someone else entered the church, but he retrieved the boxes from an alley and helped carry them away. We held that the defendant was not entitled to a lesser included offense instruction on theft because by the time the defendant engaged in the conduct that he claimed was theft, the burglary had ended. We held that "[t]he instruction sought by defendant is directed solely at a separate offense committed at a separate time." *Chandler*, 278 Ill. App. 3d at 217.

If the battery at the gas station and the beating at the police station are separate offenses, only one of which defendant committed, the battery at the gas station is not an included offense of murder, but a separate offense.

If a jury were to draw the inference the State prefers, defendant is still not entitled to the instruction. If the blow at the gas station and the beating that followed at the police station are viewed as one incident, a jury could not have found defendant not guilty of murder, yet guilty of battery under the holding in *Novak*, absent some evidence of withdrawal. Defendant was not entitled to a lesser included offense instruction on battery.

■ We next address defendant's argument that he was denied effective assistance of counsel because his defense counsel failed to tender the Illinois pattern jury instruction on withdrawal. To establish ineffective assistance of counsel, defendant must show that defense counsel's representation was "below an objective standard of reasonableness" and that defense counsel's performance was "prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88, 692, 80 L. Ed. 2d 674, 693, 696, 104 S. Ct. 2052, 2064, 2067 (1984). Neither mistakes in strategy nor the fact that another attorney with the benefit of hindsight would have proceeded differently is sufficient to establish ineffective assistance of counsel. *People v. Vera*, 277 Ill. App. 3d 130, 138, 660 N.E.2d 9 (1995). Defendant must overcome a "strong presumption that counsel's complained-of action or inaction was merely trial strategy." *People v. Medrano*, 271 Ill. App. 3d 97, 100, 648 N.E.2d 218 (1995).

Defendant maintains on appeal that part of his defense was withdrawal from criminal conduct before the victim's murder. A defendant is entitled to have the jury instructed on any defense that is supported

by the evidence. *People v. Everette*, 141 Ill. 2d· 147, 156, 565 N.E.2d 1295 (1990). A defendant will not be held accountable for the conduct of another if, "[b]efore the commission of the offense, he terminates his effort to promote or facilitate such commission, and \*\*\* wholly deprives his prior efforts of effectiveness in such commission, or gives timely warning to the proper law enforcement authorities, or otherwise makes proper effort to prevent the commission of the offense." 720 ILCS 5/5—2(c)(3) (West 1996). Testimony that a defendant merely discontinued active participation before the offense was complete, without taking some step to "neutralize" the effect of his conduct, will not entitle a defendant to a withdrawal instruction. See *People v. Stachelek*, 145 Ill. App. 3d 391, 404, 495 N.E.2d 984 (1986) (defendant not entitled to withdrawal instruction where he introduced no evidence that he had "neutralized the effect of his prior conduct"); *People v. Cooper*, 30 Ill. App. 3d 326, 332, 332 N.E.2d 453 (1975) (defendant not entitled to withdrawal instruction where he testified that, although he participated in attacking the victim, he left her apartment before she was killed). In *People v. Tiller*, 94 Ill. 2d 303, 315, 447 N.E.2d 174 (1982), our supreme court held that the defendant, who had participated in a robbery, had not "wholly deprived" his efforts of effectiveness by leaving the store and telling his accomplice not to hurt the victim. The court held that a defendant must "show some *affirmative act* which would have deprived his prior efforts of their effectiveness." (Emphasis added.) *Tiller*, 94 Ill. 2d at 315. See also *People v. Richard*, 90 Ill. App. 3d 322, 333, 413 N.E.2d 5 (1980) (defendant not entitled to withdrawal instruction where he "made no effort to stop the crime").

■ Although defendant and other witnesses testified that defendant walked away after hitting Marcus, defendant points to no evidence to show that he took action to deprive his prior efforts of effectiveness, warn the police, or otherwise prevent the offense. Since there was no evidence to support withdrawal, defense counsel's failure to tender the instruction was a reasonable strategy and did not amount to ineffective assistance of counsel.

The strategy explanation is persuasive. A withdrawal instruction was more than problematical in this case—it was risky. The defendant mounted a defense based on a simple battery unconnected to the mob action and beating that happened later. The effort to confine instructions to those that best support the theory of the defense is what trial strategy is about.

Affirmed.

CERDA and BURKE, JJ., concur.